## GAGE *v.* PUMPELLY and Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Decided March 26th, 1883.

*Appeal—Jurisdiction.*

In a suit involving title to real estate the court will not dismiss an appeal for want of jurisdiction solely because, where there are conflicting affidavits respecting the value of the property, it may possibly reach the conclusion that the estimates acted on below were too high.

Motion to dismiss for want of jurisdiction.

This suit was brought to set aside a tax sale. The plaintiff below paid the amount of the taxes, $1,120.79, and costs of suit into court. The court on hearing set aside the tax rule. The defendants below appealed. The plaintiff objected to the allowance of the appeal, but the court allowed it, and filed the following opinion :

BLODGETT, J.—The defendant has prayed an appeal in this case, which complainant resists on the ground that the matter in dispute does not exceed $5,000, and affidavits have been filed on behalf of each party touching the value of the lands in controversy. I have considered these proofs, and am much inclined to hold that the fair cash value of this property does not exceed $5,000, although it is true that some of the affidavits on the part of the defendant put the value much higher than that, but the affidavits on the part of the complainant refer to actual sales and transactions, which furnish a much more reliable basis of value than these opinions or speculative conclusions. But I dislike by any ruling of my own as to value to deny an appeal to any party who seeks to review my findings upon the main questions in a case. I shall, therefore, allow the appeal, with leave to the appellee to raise the

question in the supreme court, as to whether the amount in controversy is sufficient to enable the defendant to prosecute an appeal. That is, I do not intend by this order, allowing an appeal, to cut off the right, if I could do so, of complainant to move in the supreme court to dismiss the appeal for want of jurisdiction.

The appellant moved to dismiss the appeal on the grounds: 1. That the affidavits showed that the property was worth less than $5,000; 2. That the amount at issue was only the taxes in arrear.

*Mr. Edward G. Mason* for appellees.
*Mr. Albert G. Riddle* and *Mr. August N. Gage* for appellant.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.
Many of the affidavits sent up with the transcript state distinctly that the value of the property, which is the matter in dispute, exceeds $5,000. When an appeal has been allowed, after a contest as to the value of the matter in dispute, and there is evidence in the record which sustains our jurisdiction, the appeal will not be dismissed simply because upon examination of all the affidavits we may be of the opinion that possibly the estimates acted upon below were too high. There is no such decided preponderance of the evidence in this case against jurisdiction as to make it our duty to dismiss the appeal which has been allowed.

*Motion denied.*