# RECTOR *v.* LIPSCOMB.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF ARKANSAS.

No. 40.  Argued and submitted October 20, 1891.—Decided November 16, 1891.

Nearly two years after the entry of a decree dismissing a bill in equity re-
lating to the title to real estate, the complainant, without notice to the
respondent, filed his affidavit to show that its value was more than $5000,
appealed to this court, and the appeal was allowed below and was entered
in this court.  The respondent thereupon filed counter affidavits in the
court below, and, after notice to the complainant, moved to set aside the
appeal upon the ground that the value of the property was shown to be
less than $5000.  The complainant was present at the hearing of this
motion, which resulted in an order vacating the order allowing the
appeal.  The respondent as appellee in this court, on all these facts as
shown by the original and supplemental records, moved to dismiss the
appeal for want of jurisdiction.  *Held*, that, under the circumstances, it
was no more than right that this court should consider the subsequent
affidavits, and that they showed that the amount in controversy was not
sufficient to give this court jurisdiction, and that therefore the appeal
must be dismissed.

*Red River Cattle Company* v. *Needham*, 137 U. S. 632, affirmed and applied to
the circumstances of this case.

THE court stated the case as follows:

On April 29, 1884, appellant filed his bill in the Circuit
Court of the United States for the Eastern District of Arkan-
sas, alleging that he was the equitable owner of lot 10, in
block 125, in the town of Hot Springs, Arkansas, that the
legal title stood in the name of defendant, and praying that
she be adjudged a trustee for his benefit, and ordered to con-
vey the premises to him.  On the final hearing a decree was
entered, dismissing the bill.  Nearly two years thereafter,
without notice to the appellee, and on the single affidavit of
appellant that the property was worth over five thousand dol-
lars, an appeal was allowed.  Subsequently, and at the same
term, the appellee filed in the Circuit Court a motion to set
aside the order allowing an appeal, and to sustain her motion

the affidavits of sixteen citizens of Hot Springs, among them the collector of taxes and sheriff and several real estate brokers, showing that the value of the property was not to exceed thirty-five hundred dollars, and probably not over twenty-five hundred dollars. Upon this testimony the Circuit Court made an order, setting aside and vacating the allowance of an appeal, with leave to the appellant to renew his motion therefor, and file additional affidavits as to the value of the property. Appellant took no further action. Prior, however, to the filing of this motion the citation had been served on appellee, and the record filed in this court. The appellee now moves to dismiss the appeal on the ground that there is not five thousand dollars involved in the controversy.

*Mr. A. H. Garland*, with whom on the brief was *Mr. H. J. May*, for appellant.

*Mr. John McClure* for appellee submitted on his brief.

Mr. JUSTICE BREWER delivered the opinion of the court.

The motion to dismiss the appeal must be sustained. Upon the entire testimony finally presented to the Circuit Court, and transmitted in the record original and supplemental to this court, the proof is overwhelming that the value of the property did not exceed five thousand dollars; and this positive testimony is reinforced by all that appears in the case in respect to its situation and condition. There is little room for doubt on this matter, notwithstanding the opinion of appellant that the property is worth over five thousand dollars. It is not in the power of the Circuit Court to determine the extent and limits of our jurisdiction, for that is a matter which this court must finally decide for itself. The practice which is to be pursued and the rules which are to control have been clearly and fully stated by the Chief Justice, in the recent case of *Red River Cattle Company* v. *Needham*, 137 U. S. 632, in which this court, while deciding that where the value is not definitely determined by the pleadings or decree it should generally be settled in the first instance by the Circuit Court upon notice and testi-

mony, and not upon additional testimony here, also held that the showing made in that case in the Circuit Court by affidavits was not sufficient to establish a value in excess of five thousand dollars, and therefore dismissed the writ of error. In this case, by a like showing, the value clearly did not exceed five thousand dollars; and therefore we have no jurisdiction. This is not like the case of *Gage* v. *Pumpelly*, 108 U. S. 164, where the affidavits left the matter doubtful, and therefore we declined to dismiss the appeal which had been allowed by the Circuit Court.

Nor is it sufficient answer to this, that the Circuit Court had no power to set aside the order allowing an appeal after the appeal had been perfected and the record filed here, *Keyser* v. *Farr*, 105 U. S. 265; for under the circumstances it is no more than right that we should consider these subsequent affidavits. The appellant was present at the hearing of this motion. It does not appear that he raised any question as to the power of the court to entertain it, and he was given leave to file additional affidavits if he desired. All these matters, including the affidavits, are presented to this court by a supplemental record brought up by stipulation of parties. While the order setting aside the allowance of an appeal may have been ineffectual, because the case had passed out of that into this court, yet these affidavits of value, one by the plaintiff and sixteen by the witnesses of the defendant, were all filed in that court, filed for the purpose of determining the right to an appeal, and have all come regularly before us and are presented for our consideration. Although in a doubtful case we shall not disturb the ruling of a Circuit Court granting or vacating an appeal, yet when we are fully satisfied that the amount in controversy is not sufficient to give us jurisdiction, we ought not to attempt an inquiry into the merits of the case which is sought to be appealed. Unless we exercise a supervising power over these matters, many cases might be thrust upon our consideration through the inattention of the trial court, or the mistake or wrong of the defeated party, which are not, in fact, within our jurisdiction. Upon the testimony which is called to our attention by the action of the Circuit Court and the certifi-

cate of the circuit clerk in such manner that we cannot shut our eyes to it, it is obvious that the amount in controversy is not sufficient to give us jurisdiction. Under the circumstances it would be sacrificing substance to form, and assuming a jurisdiction which we do not have, to hold that because this testimony did not get before the trial court in time for its primary action it must be wholly ignored by us. It reaches us before we are called upon to act, and comes to us from that court. We hold that, under all the showing that is presented, the amount in controversy is not sufficient to give us jurisdiction, and, therefore, the appeal must be and is

*Dismissed.*

MR. JUSTICE BRADLEY and MR. JUSTICE GRAY did not hear the argument or take part in the decision of this case.