## Coulter *v.* Shelmadine, Appellant.

*Deed—Testamentary paper—Husband and wife.*

A husband conveyed all his right, title and interest in certain land to his wife, " her heirs and assigns, for her sole benefit and use during her natural life. After her death the same to be divided among my legal heirs. Provided this assignment shall not be of any effect until after my death." *Held,* that the paper was testamentary in character, and that the wife did not take a fee simple in the lands.

Argued Oct. 16, 1902. Appeal, No. 154, Oct. T., 1902, by defendants, from judgment of C. P. Venango Co., April T., 1900, No. 60, on verdict for plaintiff in case of Elizabeth Coulter v. N. A. Shelmadine and H. E. Dunham. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Oil Creek township. Before CRISWELL, P. J.

Verdict for plaintiff subject to the question of law reserved.

The court subsequently entered judgment for the plaintiff on the verdict, filing the following opinion :

On the trial of the above entitled case the jury was instructed to render a verdict for the plaintiff for a part of the lands described in the writ, subject to the opinion of the court upon a legal question reserved, to wit: If the court shall be of the opinion that the assignments made and executed by John J. McGahey to Diana McGahey, recorded respectively in deed book 100, at page 81, and deed book 227, at page 148, vested in the said Diana McGahey a fee simple to the premises therein described then judgment to be entered in favor of the defendant non obstante veredicto, otherwise judgment to be entered upon the verdict.

The assignments referred to bear date respectively August 25, 1880, and January 25, 1881, are alike in form and are as follows, viz :

"For value received I hereby sell and assign all my right, title, interest and claim to the land described in the within deed to Diana McGahey, her heirs and assigns, for her sole benefit and use during her natural life. After her death the same to be divided among my legal heirs. Provided this assignment shall not be of any effect until after my death.

                (Signed)           "JOHN J. MCGAHEY."

Did these instruments vest an estate in fee simple in Diana McGahey?

It will be observed that these instruments do not by their terms, taken as a whole, vest any interest, either in Diana or the legal heirs of John J. McGahey, during the lifetime of John J., as it is expressly stipulated that they shall not be of any effect until after his death. Whatever be the form of the instrument, if it vests no present interest, but only appoints what is to be done after the death of the maker, it is testamentary, and it signifies nothing that the parties meant to make a deed instead of a will. If they used language which the law holds to be testamentary, their intention is to be gathered from the legal import of the words they have employed, for all parties must be judged by the legal meaning of their words : Turner v. Scott, 51 Pa. 126. In this case there was a provision in the instrument very similar to that found in those above quoted, viz ; " This conveyance in no way to take effect until after the

decease of the " grantor, and the instrument was held to be testamentary.

Blackstone defines a will to be " the legal declaration of a man's intention which he wills to be performed after his death." Kent defines it as " a disposition of real and personal property to take effect after the death of the testator." These long recognized definitions need no explanation or amplification, if, indeed, additional words could make them more clear and specific, and they appear to describe the instruments above referred to so accurately as to leave no question as to their being testamentary in character. Being such they cannot take effect as deeds, and, not being probated, they cannot take effect as wills. We must, therefore, hold for this reason that the assignments did not vest in Diana McGahey a fee simple to the lands therein described.

But if we assume that the instruments were not testamentary in character, we must reach the same conclusion. As has been said, the object of all construction is to ascertain the intent of the parties, and we are not satisfied from a consideration of the entire instruments that this is a case in which we should apply the ancient rule that in a deed, if there be two clauses so totally repugnant to each other that they cannot stand together, the first shall be received and the latter rejected. The instruments bear upon their face evidence of the fact that they were prepared by a layman and the only basis they contain for the contention that they vest a fee in the grantee, is the fact that after her name the word " heirs " appears. But immediately following this is the limitation of the estate granted to a life estate, not in technical but common and unambiguous words. Then follows immediately the provision that " after her death the same to be equally divided among my legal heirs." If our purpose be to seek the intent of the grantor, and we consider each of the instruments as a whole, there remains no room to doubt his purpose in executing them or as to the estate he intended vesting in his wife.

The remaining questions referred to in the argument were, in our opinion, properly ruled at the trial.

As the conclusions indicated dispose of all the questions raised on the defendant's motion for a new trial, further comment relative thereto is unnecessary.

And now, July 21, 1902, the defendant's motion for a new trial is refused, and judgment is entered on the verdict.

*Error assigned* was in entering judgment on the verdict.

*C. Heydrick*, with him *C. I. Heydrick* and *J. L. Nesbit*, for appellants.

*J. H. Osmer*, with him *A. R. Osmer* and *N. F. Osmer*, for appellee.

PER CURIAM, November 3, 1902:

The judgment is affirmed on the opinion of the learned judge of the common pleas.