## Stahl v. Shrawder.

*Wills—Probate—Question as to testamentary character of writing.*

Where a woman agrees in writing to keep house for a man as long as the man lives and the man agrees that upon his death the title to his farm and personal property shall belong to the woman in payment for her services, the agreement is testamentary in character and should be probated as a will.

Bill in equity. C. P. Snyder Co., Oct. T., 1926, No. 1.

*Charles P. Ulrich*, for plaintiff; *A. F. Gilbert*, for defendant.

POTTER, P. J., Oct. 16, 1926.—The only question before us is to declare whether the following instrument is an agreement for the conveyance of land, or whether it is testamentary in character and can be revoked.

The instrument is as follows:

AGREEMENT.

Articles of agreement made and concluded this 8th day of September, A. D. 1925, between Harrison Stahl of Union Twp. Snyder Co., Pa., and Amelia Catharine Shrawder of Union Twp. Snyder Co. Pa. Witnesseth:—That the said Shrawder agrees to keep house for said Stahl in Stahl's home in Union Township, Snyder Co. Pa. as long as the said Stahl lives, and the said Stahl agrees, that upon his death the title to his 34 acre farm in Union Twp. together with his furniture, money and all other personal property shall be and belong to the said Shrawder in payment of her said services, and the said Stahl hereby directs the person who settles his estate to deliver to the said Shrawder a deed for the said 34 acre farm, and to deliver all his personal property to her, subject only to his unpaid funeral expenses.

Witness our hands and seals the day and year aforesaid.

HARRISON STAHL          Seal
AMELIA CATHARINE SHRAWDER   Seal

State of Pennsylvania, County of Snyder, *ss.:*

On this 8th day of September, A. D. 1925, before me, the subscriber, Recorder of Deeds, came the above Harrison Stahl and acknowledged the above agreement to be his act and deed and desired the same to be recorded as such.

Witness my hand and official seal, this 8th day of September, A. D. 1925.

IRVIN GRAYBILL     Seal
Recorder of Deeds.

In the light of the law as we find it, as passed upon by courts of last resort, we have no hesitation whatever in declaring this instrument to be testamentary in character. It is not to take effect till the death of the plaintiff. Blackstone defines a will to be "The legal declaration of a man's intention which he wills to be performed after his death." Kent defines it as "a disposition of real and personal property to take effect after the death of the testator."

This instrument provides that, after Stahl's death, the title to his 34-acre farm, with his furniture, his money and other personal property, shall pass to the defendant, and he directs the person who settles up his estate to deliver to h̲ ꞏ̲ a deed for his real estate.

No fee passes now nor in his lifetime. But it does pass after his death, and this is the chief test applicable to determine its character. This case is ruled by Coulter v. Shelmadine, 204 Pa. 120, and Turner v. Scott, 51 Pa. 126.

In fact, counsel for the defendant admits in his answer filed that it is testamentary in character, and he so stated at the argument.

And now, to wit, Oct. 16, 1926, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows: That the instrument in question be construed and declared by this court to be testamentary in character, that it be delivered to the plaintiff, and that the record of its being recorded in the Recorder's Office of Snyder County, in Miscellaneous Record No. 12, at page 581, on Sept. 8, 1925, be canceled and rendered null and void, and the said recorder of deeds is directed so to do.