## MILLER v. HOLT, *Appellant*.

1. **The form of an Instrument** determines its character unless a contrary intention is apparent on its face.

2. **Will**: DEED: CONSTRUCTION. One A executed an instrument which purported to be his will, but which was under seal, and which, among other things, contained this clause: "Know all men that I do hereby, on and after the day of my death by this will, grant, convey and assign to N. McD. A., his heirs and assigns, the following described tract of land." N. McD. A. was his son, and had, on the same day, "in consideration of a certain will," entered into an agreement to support his father during his natural life. The instrument was never delivered; *Held*, that it must be regarded as a will and not as a deed.

*Appeal from Andrew Circuit Court.*—Hon. H. L. KELLEY, Judge.

*Rea & Williams* for appellant.

A will or devise is a disposition of property to take effect after the death of the maker. Burrell's Law Dic., vol. 2, p. 622; Bouvier's Inst., vol. 2, p. 431; Bouvier's Law Dic. The instrument in question is a will and not a deed. An instrument in the form of a will, or deed, whether it be a deed or gift, deed of sale with a good or valuable consideration, or an indenture, will operate as a will, and not as a deed, if by its terms it is to take effect after the death of the maker. Bacon's Abr., vol. 10, p. 480; *Hickson v. Wicham*, Finch 195; *Henry v. Ballard*, 2 Car. L. Rep. 595; *Stewart v. Stewart*, 4 Conn. 316; *Brewer v. Baxter*, 41 Ga. 212; *Hester v. Young*, 2 Kelly 31; *Jackson v. Copenhagen*, 3 Kelly 569; *Symes v. Arnold*, 10 Ga. 506; *Walker v. Jones*, 23 Ala. 448; *Gillham v. Mustin*, 42 Ala. 365; *Matter of Belcher*, 66 N. C. 51; *Daniel v. Veal*, 32 Ga. 589; Bouvier's Inst., vol. 2, p. 448.

*William Heren & Son* for respondent.

HENRY, J.—On the 20th day of October, 1870, Nelson

McD. Allen and Lewis Allen, his father, entered into the following written agreement:

STATE OF MISSOURI, COUNTY OF ANDREW,
October 20th, 1870.

"I this day, for and in consideration of the benefits of a certain will, which is the last will and testament of Lewis Allen, in regard to a certain tract of land, to-wit, (describing the fifty-four acre tract in controversy,) enter into a bond for the support of the said Lewis Allen during his natural life-time. In case the support from myself (N. McD. Allen) is a good, decent one, then the above described land, at the death of said Lewis Allen, is, by his last will, made on the 20th day of October, 1870, conveyed to the said N. McD. Allen, his heirs and assigns forever, with all its privileges and appurtenances in any wise thereunto belonging. In case the above obligation on the part of N. McD. Allen is not complied with, then the said will is null and void.

" NELSON McD. ALLEN.
" LEWIS ALLEN.

"ISRAEL KNAPPENBERGER.
"HENRY KNAPPENBERGER."

On the same day Lewis Allen executed the following instrument:

STATE OF MISSOURI, COUNTY OF ANDREW,
October 20th, 1870.

"Know all men, and all whom it may concern; That the following indenture of writing is my last will and testament concerning a certain tract of land which will be described in the following: Know all men, that I do hereby, on and after the day of my death, by this will, grant, convey and assign to Nelson McD. Allen, his heirs and assigns forever, the following described tract of land, to have and to hold the same, with all its privileges and appurtenances in any wise thereunto belonging, and is the tract of land described as follows; (describing the tract in

controversy as in the foregoing agreement,) and now, that I acknowledge this to be my last will and testament in regard to the above described tract of land, and for the purpose therein mentioned, and for the benefit of the said N. McD. Allen, and anything in this document to the contrary notwithstanding. I have hereunto set my hand and affixed my seal, signed this, the 20th day of October, 1870.

"LEWIS ALLEN. [SEAL.]

"Attest: ISRAEL KNAPPENBERGER.
HENRY KNAPPENBERGER."

N. McD. Allen sold and conveyed the land described in said instrument to the plaintiff. After the death of Lewis Allen the said paper, as the last will and testament of Lewis Allen, was admitted to probate by the probate court of Andrew county on the 5th day of October, 1871, on the evidence of the attesting witnesses; but by whom it was offered for probate, or in whose custody it was found, is not disclosed by the evidence. The defendants Snyder and Watson, each had a claim against the estate of Lewis Allen, that was allowed by the probate court, which, on proper proceedings, made an order for the sale of the land in controversy for the payment of debts. The plaintiff, a purchaser from N. McD. Allen, and in possession of the land, filed his bill, praying for an injunction against the administrator of the estate and said creditors, to restrain them from proceeding with said sale. A temporary injunction was issued, and on a hearing of the cause the court made a decree perpetuating the injunction, from which defendants have appealed.

It does not appear from the pleadings, or the evidence, that the instrument admitted to probate, which respondent contends is a deed, was acknowledged or recorded, or was ever delivered to N. McD. Allen, or in his possession. A deed has no vitality until delivered. Delivery is indispensable to its operation as a conveyance. Admitting that in every other respect the instrument is a deed, there being

no evidence whatever proving, or tending to prove, that it was ever delivered to N. McD. Allen, we cannot say that it conveyed him the land in controversy. But, in our opinion, the instrument is a last will and testament, and not a deed. It purports to be a last will and testament—it is attested as such, was probated as such, and the very agreement relied upon by appellant, in pursuance of which it was made, so denominates it. N. McD. Allen, by that agreement stipulated with his father, not for a deed conveying to him a present interest in the land, but "for the benefits of a certain will, which is the last will and testament of Lewis Allen in regard to a certain tract of land, to-wit," &c. In addition to all these facts, which indicate clearly that it was executed as, and for, a last will and testament, the language of the instrument stamps it as such.

"I do hereby, on and after the day of my death, by this will, grant, convey and assign to Nelson McD. Allen." A will "is a disposition of real or personal property, or both, to take effect after the death of the person making it." "The legal declaration of a person's mind, or intention respecting the manner in which he would have his property or estate disposed of after his death." "No particular form is requisite to constitute a valid devise. An instrument may thus operate which is to take effect after the death of the maker, although its general form is that of a deed." Hilliard on Real Prop., vol. 2, p. 501. Here N. McD. Allen took no present interest in the land. He stipulated for "the benefits of a will," and whether he would ever have any benefit of the will depended upon the manner in which he complied with his obligation to support his father, Lewis Allen. The instrument was a testamentary disposition of the property. Neither party could have supposed that it was a deed. It has none of the features of a deed, except the words "grant, convey and assign," and a scroll for a seal, while all of its other characteristics are those of a last will and testament. If the intent were clear upon the face of the instrument, that

the parties designed it to operate as a deed, notwithstanding its form, the courts regarding more the substance than the form, would give effect to that intent; but where such intention is not apparent, and the form of the instrument is that of a will, it must be regarded as a will.

The judgment of the circuit court is reversed. All concur.

REVERSED.