BAILEY, Appellant, v. GUNNING et al.

### Division One, March 30, 1900.

**Appellate Practice:** FINDING OF FACTS: SUBSTANTIAL EVIDENCE. Where the only point urged on appeal from the action of the court, sitting as a jury, in sustaining a demurrer to plaintiff's case at the close of all the evidence, is that the court's finding was not sustained by the evidence, it will be held that the court's action amounted to a holding that plaintiff's cause of action was not sustained by a preponderance of the evidence, and there being substantial evidence on the part of the defendant to support a verdict for him, the court's action is not reviewable.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*A. C. & H. B. Davis* and *Chester H. Krum* for appellant.

(1) This suit was properly brought by appellant in his own name. To have called on the directors to sue, would have been nugatory. To have induced them to sue, impossible. Bulkley v. Big Muddy Co., 77 Mo. 105. (2) The instruction, given upon the whole case, was erroneous. The evidence clearly showed that the wrecking of the corporation was the handiwork of the respondents. Gunning was the principal actor, and the others his tools and agents.

*Alexander Young* for respondent.

The trial judge, upon a full hearing of the case and sitting as a jury, found against the appellant, and the question here is, was such finding contrary to the evidence introduced, for unless it is, this court will not interfere or reverse the case, because a different finding might have been made.

VALLIANT, J.—This is an action at law for damages for wrecking a corporation.

The petition states in effect that the Cottrill Bill Posting Company was a corporation whose capital stock was divided in 1,000 shares of the par value of $50 each, whereof plaintiff held 100 shares; that for ten years or more previous to the date at which the defendants came into control of it, the corporation did a very lucrative business, paid from sixteen to eighteen per cent dividends and the plaintiff's stock was worth $10,000, but that in 1893 defendant Gunning organized another corporation called the St. Louis Bill Posting Company, and afterwards bought up substantially all the stock of the Cottrill company except that owned by plaintiff, and then caused his co-defendants to be elected the board of directors and officers of that company, and they under his direction diverted all the patronage and profitable business of that company into the hands of the new company, and thereby caused the complete wreck and ruin of the Cottrill concern, and destruction of the value of the plaintiff's stock; that the corporation being in the hands of the defendants, plaintiff can not obtain a suit to be brought in the name of the corporation against them; therefore he has a right to sue in his own name as stockholder.

The petition sets out in detail a history of transactions whereby the destruction of the corporation is alleged to have been effected, which it will be unnecessary for us to repeat here.   The answer was a general denial.

Upon the trial a jury was waived and the cause was submitted to the court upon the pleadings and proof.   Testimony was introduced both for the plaintiff and for the defendants and at the conclusion of all the evidence the court at the request of the defendants gave a declaration to the effect that the plaintiff was not entitled to recover, and there was a finding and judgment for the defendants, from which the plain-

tiff has prosecuted this appeal.    There were no instructions or declarations of law asked on either side.    It is not suggested in the motion for a new trial, nor assigned as error here, that the trial court committed any error in the admission or exclusion of evidence.    The only point decided by the trial court was that the plaintiff's cause of action as stated in his petition was not sustained by a preponderance of the evidence, and that decision is all that we are asked to review. Even if it be conceded that the testimony on the part of the plaintiff tended to prove the allegations of his petition, and that we think after reading the record would be a liberal concession, still there was substantial evidence on the part of the defendants to the contrary, and in that state of the case the finding of the trial judge is not a matter of review on appeal. The testimony on the part of defendants tended to show that the former prosperity of the Cottrill Bill Posting Company was due to the fact that it had practically a monopoly of the business in St. Louis until the St. Louis Bill Posting Company was organized, which managed to obtain first the patronage of the best customers and afterwards substantially all the profitable business in that line in the city, so that in the summer of 1894 when defendant Adams, or Gunning as plaintiff prefers to think, bought Cottrill's stock and obtained control  of the corporation it was already a wrecked concern, with no business of consequence, but a trifling amount of tangible property, in debt and not paying its running expenses. The trial court sitting as a jury seems to have concluded that the preponderance of the evidence was that way, and in the absence of any suggestion as to error in a matter of law, this court will not re-weigh the conflicting evidence to see if the trial court reached a proper conclusion of fact.

The judgment of the circuit court is affirmed.

All concur, except *Robinson, J.*, absent.