MURPHY v. GABBERT et al., Appellants.

Division Two, February 4, 1902.

1. **Deed:** UNDUE INFLUENCE: INCAPACITY: FINDING OF COURT. Where the court, sitting as a jury, finds that the deed in controversy was not the result of undue influence and that the grantor had capacity to make the same, the Supreme Court will not interfere with that finding if there is substantial evidence on which to base it.

2. ————: TESTAMENTARY IN CHARACTER. An instrument of writing to be good as a deed must pass a present interest in the property attempted to be conveyed, and where it takes effect and becomes operative alone upon the death of the grantor, it is testamentary in character and insufficient as a deed. So that a deed that recited that "the intention of this instrument of writing is such that Mrs. Ann Ellison relinquishes her *entire right at her death, then this* deed is to come immediately into effect, but not till then," is held to be testamentary, and inoperative to convey any interest in the land to the grantees, after her death.

Appeal from Buchanan Circuit Court.—*Hon. K. B. Randolph*, Special Judge.

REVERSED.

*Crow & Eastin* for appellants.

(1) The writing under which respondents claim title is testamentary in character and is therefore void as a deed. Under all the authorities an instrument of writing, to be good as a deed, must pass a present interest in the property. Where it takes effect and becomes operative alone upon the death of

the maker, it is testamentary in character and insufficient as a deed. Miller v. Holt, 68 Mo. 584; Devlin on Deeds, secs. 309, 853, 854; Pinkham v. Pinkham, 55 Neb. 729; Turner v. Scott, 51 Pa. St. 126; Leaver v. Gauss, 62 Ia. 314; 19 Cent. Law Journal, 46; Donald v. Nesbit, 89 Ga. 290; Bigley v. Sauvey, 45 Mich. 285; Conrad v. Bell, 59 Minn. 498; Nichols v. Emery, 109 Cal. 323; White v. Hopkins, 80 Ga. 154; Sperber v. Balster, 66 Ga. 317; Hazelton v. Reed, 46 Kan. 73; Singleton v. Bremer, 4 McCord (S. C.) 201; Habergam v. Vincent, 2 Ves. Jr., Ch. Rep. 204; Haning v. Haning, Tex. Civ. App. (24 S. W. 695); In re Diez's Will, 50 N. Y. 88; Cunningham v. Davis, 62 Miss. 366; Martindale on Conveyancing, sec. 520; Armstrong v. Armstrong, 4 Baxt. (Tenn.) 357. (2) A deed can not be made to perform the functions of a will. Allen v. DeGroodt, 105 Mo. 442; Sneathen v. Sneathen, 104 Mo. 201. (3) The original instrument was drawn upon an ordinary printed form of warranty deed. The language quoted was inserted with a pen. If there is a conflict between the written and printed portions of a deed, the written must prevail. Davidson v. Manson, 146 Mo. 618.

*W. H. Haynes* for respondent.

The appellant says that the deed is "testamentary in character and conveys no present interest, and is therefore void" and relies on the following insertion in the deed following the description of the land in support of this contention: "The intention of this instrument of writing is such that Mrs. Ann Ellison relinquishes her entire right at her death, then this deed is to come immediately into effect, but not until then." The clause was inserted in the deed by the justice of the peace upon the grantor's stating that she desired to retain the use of the land during her life. A lawyer probably would have employed different language to reserve that right, but the question is, what was the intent of the grantor? and this

deed should be construed to meet her intention as gathered from the whole instrument; and the form of the instrument determines its character unless a contrary intention is apparent on its face.   Miller v. Holt, 68 Mo. 584; Hunter v. Patterson, 142 Mo. 310; Walton v. Drumtra, 152 Mo. 489.   To effectuate the instrument and to reach the intention of the parties, words may be supplied, transposed or changed in construing the same.   Briant v. Garrison, 150 Mo. 655.

BURGESS, J.—This suit was begun on March 7, 1898, by plaintiff filing before a justice of the peace of Buchanan county a complaint under chapter 96, Revised Statutes 1889, in regard to landlords and tenants, against the defendant William Gabbert, and suing out process thereon, for the possession of a small tract of land in that county.   Thereafter Gabbert filed an affidavit in which it was alleged that the title to real estate was involved in the controversy, whereupon the justice certified the case to the circuit court.

After the case reached the circuit court other parties were made plaintiffs and defendants and the cause proceeded with just as if it had originated in the circuit court.   For instance, defendants filed answer attacking the conveyance under which plaintiff claimed possession on the grounds: first, that the grantor was mentally incompetent to make the deed; second, that the deed was procured by fraud and undue influence; third, that the deed was void because it was testamentary in character.

Plaintiff replied to the answer denying all allegations therein contained.

The cause was tried to the court, a jury being waived. No declarations of law were asked or given.   The trial resulted in a judgment for plaintiff for the possession of the property, in which it is declared that the deed from Ann Ellison to plaintiff, under which she claims, is a good and valid deed and conveys to plaintiff a life estate in said lands with

remainder to her children. . Defendants, after unavailing motion for a new trial, bring the case to this court by appeal for review.

It was admitted on the trial that plaintiff was entitled to recover if the deed under which she claims is a valid instrument. Defendant therefore assumed the burden.

The deed is as follows:

> This indenture made on the seventh day of April, A. D., one thousand eight hundred and ninety-six, by and between Mrs. Ann Ellison of Buchanan county, Missouri, party of the first part, and Margaret Ann Murphy, during her natural life, and at her death to be and revert to her heirs equally of the county of Buchanan in the State of Missouri, parties of the second part:
>
> Witnesseth, that the said party of the first part, in consideration of the love and affection (for support) and $1,000 dollars to them paid by the said parties of the second part, the receipt of which is hereby acknowledged, does by these presents, Grant Bargain and Sell, Convey and Confirm unto said parties of the second part, her heirs, and assigns, the following described lots, tracts and parcels of land lying, being and situate in the county of Buchanan and State of Missouri, to-wit: All of fifty acres situated on the west side of the southwest quarter of section thirteen of township forty-five, of range thirty-six, beginning at the southwest corner of the southwest quarter of section thirteen thence north one hundred and sixty rods, thence east fifty-one rods, thence south one hundred and sixty rods, thence west fifty-one rods to the place of beginning.
>
> The intention of this instrument of writing is such that Mrs. Ann Ellison relinquishes her entire right at her death, then this deed is to immediately come into effect, but not until then.
>
> To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in any wise appertaining unto said party of the second part and unto her heirs and assigns, Forever, the said Mrs. Ann Ellison hereby covenanting that she is lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that she has good right to convey same; that the said premises are free and clear of any incumbrances done or suffered by her or those under whom she claims and that she will warrant and defend the title to said premises unto the said party of the second part, and unto her heirs and assigns, forever, against

the lawful claims and demands of all persons whomsoever. In witness whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

her

Mrs. Ann X Ellison, Seal.

mark

Signed, sealed and delivered in the presence of us:
Leo Cowan, James H. Payne.

Duly acknowledged. It is claimed by defendants that the evidence showed that the deed from Mrs. Ellison to Mrs. Murphy was procured by means of undue influence exercised by the Murphy family over the mind of Mrs. Ellison, that the grantor, Mrs. Ellison, had not sufficient capacity to execute the deed, and that it was without consideration, etc.

Upon the questions the court made the following finding:

"The court finds that at the time said deed was executed, Ann Ellison was in the possession of her mental faculties to the extent that she knew how, in what manner and to whom she desired to convey the land mentioned in said deed. That there is no evidence showing that Ann Ellison executed said deed for any other reason, than a desire on her own part to recompense Mrs. Murphy for her long continued kindness to and support of her, and in consideration of her love and affection for them to make Mrs. Murphy and her children the beneficiaries of her bounty, and to provide for the future care of herself. There is no evidence of undue influence. That there is no evidence that the husband of the plaintiff occupied any position of trust toward Ann Ellison."

There was some evidence tending to show that the deed from Mrs. Ellison to Mrs. Murphy was obtained by undue influence exercised by the Murphy family over Mrs. Ellison and the want of mental capacity on her part to execute the deed, which defendants claim vitiated it even if otherwise valid, but these contentions were found adversely to them by the court sitting as a jury, and, conceding that the testimony on the part

of defendants tended to prove the allegations in the answer, upon these questions there was substantial evidence on the part of plaintiff to the contrary, and under such circumstances the finding of the court below is not subject to review on this appeal. [Bailey v. Gunning, 155 Mo. 682.]

Defendants, however, claim that the deed is testamentary in character and is therefore void as a deed. It is well settled that an instrument of writing to be good as a deed must pass a present interest in the property attempted to be conveyed, and that where it takes effect and becomes operative alone upon the death of the grantor, it is testamentary in character and insufficient as a deed. [Miller v. Holt, 68 Mo. 584; 1 Devlin on Deeds, sec. 309; Pinkham v. Pinkham, 55 Neb. 729; Turner v. Scott, 51 Pa. St. 126; Leaver v. Gauss, 62 Iowa 314; Donald v. Nesbit, 89 Ga. 290; Bigley v. Souvey, 45 Mich. 370; Nichols v. Emery, 109 Cal. 323; Conrad v. Douglas, 59 Minn. 498; White v. Hopkins, 80 Ga. 154; Hazleton v. Reed, 46 Kan. 73; Singleton v. Bremar, 4 McCord (S. C.) 12; Habergham v. Vincent, 2 Ves. Ch. Rep. 204; Hannig v. Hannig (Tex. Civ. App.) 24 S. W. 695; In re Diez's Will, 50 N. Y. 88; Cunningham v. Davis, 62 Miss. 366.] The test to determine whether an instrument is a deed or a will is whether it is to take effect *in presenti* or after the death of the maker. The case at bar, therefore, depends upon the construction to be given to the clause in the instrument which provides that: "The intention of this instrument of writing is such that Mrs. Ann Ellison relinquishes her entire right at her death, then this deed is to come immediately into effect, but not until then."

While the instrument contains the usual words grant, bargain and sell they by no means control as to the time when it took effect, which must be determined by the clause quoted. In Turner v. Scott, supra, on November 22, 1849, John Scott executed to his son an instrument of writing purporting to convey to him his farm. The consideration for the instrument was the natural love and affection which the father had

for his son, an agreement upon the part of the son that he would live with his father, assist him in his work on the farm, and maintain his mother during her natural life if she outlived her husband. The instrument provided, "Excepting and reserving, nevertheless, the entire use and possession of said premises unto the said John Scott and his assigns for and during the term of his natural life; and this conveyance in no way to take effect until after the decease of the said John Scott, the grantor." The court said: "We see nothing in the covenant of warranty to change our construction of the operative words of the grant. As these words were expressly limited to take effect only after the death of the grantor, they were necessarily revocable words. The doctrine of the cases is, that whatever the form of the instrument, if it vest no present interest but only appoints what is to be done after the death of the maker, it is a testamentary instrument. It signifies nothing that the parties meant to make a deed instead of a will. If they have used language which the law holds to be testamentary, their intention is to be gathered from the legal import of the words they have employed, for all parties must be judged by the legal meaning of their words."

In Leaver v. Gauss, supra, a conveyance was under consideration which contained words purporting to convey real estate in the usual form, but also contained the following language: "To commence after the death of both grantors," and, "It is hereby understood and agreed between the grantors and the grantee that the grantee shall have no interest in the said premises as long as the grantors or either of them shall live." *Held*, that no present estate to commence at a future day was created, as contemplated by section 1933 of the Code of that State, and that the conveyance was testamentary in character, and could be revoked by the grantors at their option, notwithstanding a valuable consideration may have been paid therefor.

So in Pinkham v. Pinkham, supra, an instrument, in

form a warranty deed, contained this provision: "This deed is to take effect and be in full force from and after my death. The further and additional consideration of this conveyance is that the said John H. Pinkham shall pay to Ella P. Reiddell, my great-grand-daughter, fifty dollars per annum for ten years from the date this deed is in full force and effect; that is to say, fifty dollars each and every year for ten years from the taking effect of this deed." It was ruled that the instrument, although in form a deed, as by its terms it was to operate only after the death of the maker, was testamentary in its character, and not a deed and passed no present estate in the premises therein described.

The words used in the deed under consideration in the clause quoted are such an emphatic declaration that the deed was to come immediately into effect upon the death of the grantor, but not until then, we are constrained to hold that no interest was presently conveyed thereby which interfered with the life estate of the grantor, and if any effect whatever is to be given to the words of reservation they limited the fee to take effect on the death of the grantor and not before, that is, they limited the estate to take effect *in futuro*, which at common law can be done only when an estate is granted, not reserved, and might have been revoked by the grantor at any time. The instrument was therefore testamentary in its character, and inoperative as a deed.

The conclusion reached renders it unnecessary to pass upon the other question presented by defendants with respect to the jurisdiction of the special judge before whom the case was tried to hear and determine the case.

For these considerations the judgment is reversed. All concur.