DOZIER, Appellant, v. TOALSON.

Division One, March 17, 1904.

1. **CURTESY: Prior Life Estate.** The husband can not have curtesy in land in which the wife has a vested remainder where the life estate and the life tenant's actual possession do not terminate during the wife's coverture.

2. ———: ———: **Case Stated.** A mother deeded a lot to her daughter, reserving a life estate and use to herself. Afterwards the daughter married, a child was born alive and died, then the daughter died, she and her husband having lived on the lot with the mother during the coverture. After her death the husband continued to reside with the mother, contributing to the family's support, but the mother being all the time in actual possession. *Held*, that the husband, after the mother's death, had no curtesy in the lot, there having never been any actual seizin in the wife during coverture, and no seizin in law in her.

3. **CONVEYANCES: Testamentary Deed.** A mother conveyed to her daughter, by general warranty deed, a lot, "excepting and reserving the uses, rents and profits" of said lot during the mother's natural life, and delivered the deed to the daughter. *Held*, that the instrument was a deed, and in no sense a will, and conveyed to the daughter a vested remainder in fee.

4. ———: **Vested Estate: Reservation.** Said deed did not vest a fee simple estate in the daughter, but did reserve a life estate in the mother. The language used was a reservation, and not an exception, in the sense that those words are discussed in Snoddy v. Bolen, 122 Mo. l. c. 486.

Appeal from Audrain Circuit Court. — *Hon. E. M Hughes*, Judge.

REVERSED AND REMANDED.

*J. V. C. Karnes* and *W. W. Fry* for appellant.

(1) Under the deed there was never any seizin or right of seizin in the grantee, either legal or constructive, and as she died before the life tenant there can

be no curtesy. Right to actual possession by the wife during coverture is a necessary condition to the right of the husband to curtesy. Seizin is in the life tenant during the whole period of the life estate. If the estate of the wife is a reversionary one, subject to a prior freehold estate in another, her constructive seizin of such reversion will not entitle her husband to curtesy, unless the prior freehold determine during coverture. Martin v. Trial, 142 Mo. 85; Von Arb v. Thomas, 163 Mo. 41. The record discloses that it was agreed on the trial that if the grantor, Mrs. Maus, reserved a life estate, then there was not even legal seizin in Mrs. Toalson, and as she died before her mother the husband can have no curtesy. 1 Washburn on Real Property (5 Ed.), p. 122; Devlin on Deeds, sec. 980; David v. Hess, 103 Mo. 31; Wolfe v. Dyer, 95 Mo. 445; Gibson v. Bogy, 28 Mo. 478; Jameson v. Fopiano, 48 Mo. 194. (2) The deed was wholly inoperative as it was not to take effect until the death of the grantor. This instrument although in form a deed, because by its terms it was to operate only after the death of the maker, was testamentary in its character, and not a deed and passed no present estate in the land therein described. Murphy v. Gabbert, 166 Mo. 601; Chew v. Kellar, 171 Mo. 222; Utter v. Sidman, 190 Mo. 293; 1 Devlin on Deeds, sec. 309. This instrument was not witnessed and was therefore inoperative as a will. R. S. 1899, sec. 4704; Walton v. Kendrick, 122 Mo. 519.

*P. H. Cullen* for respondent.

(1) The reservation in the deed of the uses, rents and profits of the land did not leave a life estate in the grantor; hence, defendant has an estate by the curtesy. Devlin on Deeds (Ed. 1877), sec. 879-80; Jones, Law, Real Prop. in Convey., sec. 503, etc.; Fisher v. Nelson, 8 Mo. App. 90; Rogers v. Bank, 82 Mo. App. 384; Logan v. Caldwell, 23 Mo. 372; McKee v. Cottel, 6 Mo. App. 146; Reamue v. Chambers, 22 Mo. 36;

Tremmel v. Kleiboldt, 75 Mo. 356; Snoddy v. Bolen, 122 Mo. 486. (2) The deed to defendant containing the provision, "excepting that the said Julia E. Maus doth reserve a life estate therein and this deed is to go into full effect at her death and she will continue to pay taxes thereon during her life estate," is not testamentary in character and passed a present interest to the grantee. Jones, Law of Real Prop. in Conv., secs. 526, 527; Spencer v. Robbins, 108 Ind. 580, 5 N. E. 726; Phillips v. Thomas L. Co. (Ky.), 22 S. W. 652; Reynolds v. Towell (Ky.), 11 S. W. 202; Cates v. Cates (Ind.), 34 N. E. 957; Bunch v. Nicks, 50 Ark. 367, 7 S. W. 563; Shockelton v. Sebree, 86 Ill. 616; Wall v. Wall, 30 Miss. 91, 64 Am. Dec. 147; Abbott v. Halway, 72 Me. 298; Chancellor v. Waridham, 1 Rich. 161, 42 Am. Dec. 411; Owens v. Williams, 114 Ind. 179, 15 N. E. 678; Hitchcocks v. Simpkins, 99 Mich. 198; s. c., 58 N. W. 46; White v. Hopkins, 80 Ga. 134. (3) The title obtained by Mrs. Maus upon the death of her daughter by virtue of the two warranty deeds made by her to defendant Toalson passed to Toalson. R. S. 1899, sec. 4591; Johnson v. Johnson, 170 Mo. 34.

MARSHALL, J.—This is a suit for partition of lot 8 in block 5 of Clark's addition to the city of Mexico.

The facts are these:

On December 26, 1891, Julia E. Maus, a widow, owned the property, and on that day she conveyed it to her daughter Elizabeth Allensworth Maus, by a general warranty deed, which, however, in the granting clause recited: "excepting and reserving the uses, rents and profits of said lands and appurtenances during my natural life," and in the habendum clause recited: "subject to the above limitations of my life." At that time Mrs. Maus was in possession of the property and remained in possession thereof and enjoyed the use, rents and profits during her life. Thereafter on February 14, 1892, Elizabeth Allensworth Maus, the grantee, was

lawfully married to the defendant F. G. Toalson. A child was born alive of that marriage on June 12, 1893, but died on June 17, 1893. After the marriage the daughter and her husband lived with the mother upon the premises, each contributing to the household expenses. In April, 1894, Elizabeth Allensworth Toalson died, intestate, leaving no descendants, but her mother and her sister, the plaintiff, surviving her. After her death Mrs. Maus continued to reside on the premises and enjoyed the rents and profits. Dr. Toalson, the defendant, her son-in-law, continued to live in the house with her, contributing to the household expenses.

. On July 31, 1894, Mrs. Maus conveyed an undivided one-fourth interest in the premises to Dr. Toalson, the granting clause reciting: ''excepting that the said Julia E. Maus doth reserve a life estate therein, and this deed to go into full effect at her death, and she will continue to pay taxes thereon during her life estate.'' On August 18, 1894, Mrs. Julia E. Maus further conveyed to Dr. Toalson, a portion of said lot, thirty and a half feet from east to west, by thirty-one and a half feet from south to north, lying in the northeast corner of the lot, on which the deed recites he was then engaged in building a house and doctor's office. In June, 1901, Mrs. Julia E. Maus died intestate, leaving as her only heir the plaintiff herein, and on August 1, 1901, she instituted this action.

The case was tried before the court, without a jury, and judgment was entered giving to Dr. Toalson an estate by the curtesy in the whole property for life, and also a fee simple estate to one-half of the portion conveyed to him by the deed of August 18, 1894, on which he had built an office, and also a fee simple estate to one-fourth of the balance of the lot, and giving to the plaintiff a fee simple estate to the one-half of the portion on which the doctor had built his office, and also a fee simple estate to three-fourths of the balance of the lot, all of the fee simple estates, however, to be subject

to the estate by curtesy. From this judgment the plaintiff appealed. Error was assigned to the ruling of the trial court allowing the defendant an estate by the curtesy.

The plaintiff claims that Mrs. Maus retained a life estate in the land, and that she conveyed only a remainder in fee simple to her daughter, and that as the daughter died before the mother, the daughter was never seized of an estate in the land during the coverture, and, therefore, her husband is not entitled to an estate by the curtesy. The plaintiff further claims that the conveyance from Mrs. Maus to her daughter is not a deed, but is a testamentary disposition of the property and as such is void, because it was not properly executed.

On the other hand the defendant claims that the reservation in the deed from Mrs. Maus to her daughter, did not create a life estate in the mother, and hence the daughter was seized of an estate in the land during the coverture, and, therefore, the other requisites being present, the defendant is entitled to an estate by the curtesy. And the defendant differentiates between a reservation and an exception in a deed.

Minor's Institutes, vol. 2, p. 103, thus defines curtesy: "When a man takes a wife seized during the coverture of an estate of inheritance, legal or equitable, such as that the issue of the marriage may by possibility inherit it, as heir to the wife, has issue born alive, and the wife dies, the husband surviving has an estate in the land for his life, which is called an estate by the curtesy."

The same learned author, at the same page, says: "The requisites of an estate by the curtesy are (1), marriage; (2), seizin of the wife; (3), birth of issue alive; and (4), death of the wife."

And at page 107 the author defines seizin in fact as follows: "Seizin in fact. This is called by Lord Coke seizin in deed, and is often termed actual seizin.

It means a possession of the freehold actually, by the *pedis positio* of oneself, or one's tenant, or by construction of law, as in case of a grant of lands from the commonwealth, by conveyance under the statute of uses, or by devise (supposing no adverse occupancy by some one else), in contradistinction to the seizin in law, which exists in the heir, after the descent of lands upon him before the actual entry by himself or his tenants.'' And the author says (p. 108): ''The reason usually assigned for requiring seizin in fact, in order for curtesy. That otherwise the issue of the marriage *could not inherit,* the common law of descent requiring for that purpose, *actual seizin* in the ancestor.''

And the author (p. 109) defines seizin in law as follows: ''As where an ancestor dies leaving land to descend to his heir. Before the heir *actually enters* (or in case of an incorporeal hereditament, before he actually enjoys it), by himself or his tenant for years, he is said to be *seized in law.* This sort of seizin for curtesy suffices only *where actual seizin is impossible,* e. g., in case of rent where, after the right to it accrues to the wife, she dies *before any day of payment.''*

The author further says, at the same page: ''Mere *right of entry,* or *right of action.* In these there is no curtesy, for want of *actual* seizin,'' etc.

In Martin v. Trail, 142 Mo. 85, MACFARLANE, J., speaking for the court, discussed very elaborately the question here involved. There, as here, there was a precedent, intermediate life estate, to the remainder in fee simple to the wife, and the wife died before the termination of the life estate, and the husband claimed an estate by the curtesy. The trial court adjudged it to him, and this court reversed the judgment, and said, *inter alia:* ''In dealing with questions involving the husband's right of curtesy, seizin in the wife is uniformly recognized by this court as essential. [See Tremmel v. Kleiboldt, 75 Mo. 255; McTigue v. McTigue, 116 Mo. 138; Cornwell v. Orton, 126 Mo. 366.] At com-

mon law seizin in deed, that is, actual possession, was necessary. In Missouri the common law has been so modified as to make seizin in law, that is, a present right to possession, sufficient. But no case in Missouri holds nor are we cited to cases elsewhere, in the absence of statutes, which hold that seizin of one kind or the other by the wife is not a necessary condition to the right of curtesy in the husband. The American rule, as given by the text-writers generally, is: 'If the estate of the wife be a reversionary one, subject to a prior freehold estate in another, her constructive seizin of such reversion will not entitle her husband to curtesy unless the prior freehold determine during coverture.' "

This decision is exactly apposite to the case at bar. Here Mrs. Toalson never was actually seized of the property, and never had a present right to the possession thereof. At all times while she lived, her mother was actually in possession and had the present right to the possession by virtue of her life estate. As Mrs. Toalson never had actual possession nor a present right to the possession, her husband never became entitled to an estate by the curtesy, and the trial court erred in giving him a judgment for an estate by the curtesy.

The plaintiff's contention that the deed from Mrs. Maus to her daughter is not a deed, but is a will and as such is not properly executed and therefore is void, is untenable. This deed is very unlike the instrument considered in Murphy v. Gabbert, 166 Mo. 601. There it was expressly provided: "The intention of this instrument of writing is such that Mrs. Ann Ellison relinquishes her entire right at her death, then this deed is to immediately come into effect, but not until then." There is no such or similar provision in this deed. The deed took effect upon its delivery. The estate conveyed to the daughter was a vested remainder in fee subject to a precedent, intermediate life estate in the mother. The instrument was a deed and in no sense a will.

The contention of the defendant that the deed did

not vest a life estate in Mrs. Maus, but immediately vested a fee simple estate in her daughter, is also untenable. The contention is predicated upon a misconception of what was said by this court in Snoddy v. Bolen, 122 Mo. 486, and in other cases, as to the difference between a reservation and an exception in a deed. It was said in that case: "An exception in a deed is always a part of a thing in being and a part of a thing granted; while a reservation is of a thing not in being and is newly created, as rents and the like. [Coke on Litt., secs. 476, 147.] An exception withdraws from the operation of the conveyance some part of the thing granted, which, but for the exception, would have passed to the grantee under the general description; while a reservation is the creation, in behalf of the grantor, of some new right issuing out of the thing granted; that is to say, something which did not exist as an independent right. [5 Am. and Eng. Ency. of Law, 455, and cases cited.]"

Or otherwise stated, if A owns ten acres of land and conveys it all to B, except one acre upon which his mansion house stands, that is an exception. But if A owns ten acres of land and conveys it to B, reserving to himself however a life estate therein, that is a reservation. But whether the deed excepts from its operation a portion of a certain tract of land, or reserves a life estate in the whole to the grantor, it is none the less a valid deed, and will convey to the grantee whatever estate it purports to convey. As applicable to this case, it was a reservation. But it was sufficient to create a life estate in Mrs. Maus and a vested remainder in her daughter.

The interests of the parties were otherwise properly declared by the trial court, but for the error in adjudging the defendant an estate by the curtesy in the land, the judgment is reversed, and the cause remanded with directions to be proceeded with in accordance herewith. All concur.