FRED A. ROBINS v. ROSA E. WRIGHT, Appellant.—53 S. W. (2d) 1046.

Division One, October 22, 1932.

378

*Franklin & Franklin* for appellant.

*Waldo Edwards* and *Geo. N. Davis* for respondent.

RAGLAND, J.—This is a suit to determine title to real estate and for injunctive relief. Plaintiff and defendant, respectively, own adjoining lots in the city of Macon; on each lot there is a brick building which fully covers it; the buildings are separated by a party

wall; they front west on Rollins Street. The defendant claims a way, as a means of ingress and egress to and from her property, over and across a strip twelve feet in width off the east end of plaintiff's lot. For the purpose of making available the use and enjoyment of the easement so claimed by her she began cutting a hole in the party wall between the buildings within the twelve foot strip. Plaintiff thereupon brought this suit to enjoin her from making such opening and to have determined her right to the alleged easement.

The subjoined plat shows the relative locations of the respective lots of plaintiff and defendant.

Plaintiff owns the lot marked "Fred A. Robins" and defendant the lot marked "Wright." The building on plaintiff's lot is divided by a partition wall sixty feet east of the front; that part of the building west of the wall is two stories in height, the part east being but one story. In the front room of the building, on the ground floor, plaintiff conducts a meat market; the rear room he uses for storage; in or at the east wall where it joins the south wall there is a flue which serves an incinerator. Between the plaintiff's building and the Lacy building on the lot adjoining on the north there is a stairway which serves both buildings. At the east end of the Lacy lot there is a passageway three feet in width leading from the rear of plaintiff's building north to Bourke Street. The owner of the Robins lot has, by virtue of a grant made in 1867, the right of ingress and egress to and from his lot over this passageway; the right is an easement appurtenant to the lot. The party wall between plaintiff's and defendant's buildings is located entirely on the Robins lot. As already stated there is no opening in it. The line D C on the plat merely represents the place where defendant is preparing to cut a hole. In cutting the opening it is her purpose to make use of a strip off the east end of plaintiff's premises and the three foot pass way off the east end of the Lacy lot as an outlet to Bourke Street from her property.

On April 29, 1920, one William J. Wright was the owner of both the Robins and Wright lots as represented on the plat. On that day he conveyed the Robins lot to plaintiff by warranty deed in which he was joined by his wife. The deed contained the following reservations:

"The Grantee herein and his successors and assigns is hereby prohibited from constructing a building of any kind or character whatever over or upon the East Twelve (12) feet of the above described tract of land; . . . any violation of the above restrictions or reservations by the Grantee or his assigns shall render this deed void and the property herein conveyed shall immediately revert to the grantors herein or their administrators or assigns . . .

"The Grantors herein reserve a one-half interest in the South wall and foundation on the above described property, and also reserve the right to pass freely over and upon the East Twelve (12) feet of said above described tract, as a means of ingress and egress to and from their property adjoining this immediately on the South. If it shall become necessary to build a wall north and south across said tract, twelve feet distant from the East end thereof, and also a flue thereon then the grantors, and grantees herein and their assigns, shall, each pay one-half the cost of building said wall and flue."

On the same day William J. Wright and wife made and delivered

to plaintiff a quit claim deed which purported to convey "all of our right, title and interest in and to Two (2) feet off the South side of the North Twenty-four (24) feet of Lot Seven (7) and Eight (8) in Block Eighty-eight (88) in the City of Macon, Missouri . . . and also the right to use, as a pass way as a means of ingress and egress over and upon three (3) feet off of the East end of the North Twenty-four (24) feet of lot Seven (7) and Eight (8) in Block Eighty-eight (88), City of Macon, Missouri." Following the description of property the deed contained this recital: "It is the purpose and intention of the grantors herein to convey to the grantee an equal right with themselves to the use and as a means of passing in and out over and upon the three feet of land above described, but not to convey to them the exclusive use thereof."

On the 21st day of December, 1922, said William J. Wright by warranty deed conveyed to defendant Rosa E. Wright the Wright lot. Following a description of the lot the deed recited: "It is the intent and purpose of grantors herein to convey to the grantee above named all of their rights, title and interest in and to the reservations, restrictions and privileges reserved in a deed made by these grantors to Fred A. Robins." On May 2, 1930, William J. Wright quit claimed to Rosa E. Wright "all of our right, title and interest in and to three (3) feet off of the east end of the north twenty-four (24) feet of lots seven (7) and eight (8) in Block Eighty-eight (88) in the city of Macon (the Lacy lot)."

At the times respectively of the execution of the deeds above mentioned the buildings on the lots of plaintiff and defendant and the pass way across the east end of the Lacy lot were in all respects as hereinbefore described.

The petition is in two counts. In the first plaintiff asks that defendant be enjoined from either building a wall across his property or from cutting a hole or aperture in the wall between his building and hers. As grounds for such relief he alleges that defendant has no right of ingress to or egress from her property over the east end of the Lacy lot, "nor any outlet whatsoever from her said building after passing over the east twelve (12) feet of the described lands of plaintiff, so that said purported right of way contained in said deed of April 29, 1920, if the same were valid and enforceable, which the plaintiff denies, is not practical, useful or of any value whatever, and the same is incapable of being used by the defendant and simply constitutes a cloud upon the title of this plaintiff." He further alleges that the cutting of the hole in his wall would expose his property to trespass and greatly increase the fire hazard thereof.

The second count sets forth in conventional form an action under the statute to determine title.

The pleading upon the part of defendant contains, among other things, a cross-bill praying for a mandatory injunction to compel plaintiff to remove the obstructions which prevent her free passage over and upon the east twelve feet of his premises.

The court found "that the defendant has a right to pass freely over and upon the east twelve (12) feet of the plaintiff's lot hereinbefore described as a means of ingress and egress to and from the defendant's property adjoining the property of the plaintiff immediately on the south, subject, however, to the right of the plaintiff that the party wall between the two said properties shall remain undisturbed, intact, and free from all openings or passage of any kind or character whatsoever." It thereupon enjoined defendant from "interfering in any way with said party wall" and likewise enjoined plaintiff from "interfering with the right of defendant to pass freely over and upon the east twelve (12) feet of the plaintiff's said above described property as a means of ingress and egress to and from her property on the south thereof." It found against defendant on her cross-bill.

The cause comes here on defendant's appeal.

The parties to this appeal have not set forth their several contentions with notable clearness. On the contrary they appear to want the court upon its own view to determine generally their respective rights as governed by the deed which purports to create an easement in respondent's land. A construction of the portion of the deed relating to the reservation of an easement, in connection with the deed as a whole, is therefore necessary.

The reservation just referred to is couched in the following language:

"The Grantors herein . . . reserve the right to pass freely over and upon the East Twelve (12) feet of said above described tract, as a means of ingress and egress to and from their property adjoining this immediately on the South. If it shall become necessary to build a wall north and south across said tract, twelve feet distant from the East end thereof, and also a flue thereon, then the grantors and grantees herein and their assigns, shall, each pay one-half the cost of building said wall and flue."

In the first sentence there is nothing ambiguous or equivocal. Standing alone it plainly grants to the makers of the deed the absolute and unconditional right to pass freely over and upon the east twelve feet of the land conveyed, as a means of ingress and egress to and from their property immediately adjoining on the south. We say *grant* because a reservation is an implied grant. It creates in behalf of the grantor in a deed some new right issuing out of the thing granted. [Dozier v. Toalson, 180 Mo. 546, 553, 79 S. W. 420.]

"A reservation of an easement in the deed by which lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands." [9 R. C. L. 751.]

■ Does the next sentence, which embodies an agreement to build a wall north and south across respondent's lot, engraft a condition or limitation upon the grant set forth in the first? Clearly not for there are no provisions in the deed anywhere, express or implied, for the termination of the easement granted, or for the forfeiture thereof by the grantee at the option of the grantor, if the former fails to comply with the agreement to pay one-half the cost of building a wall and flue. [Peden v. Railway Co., 73 Iowa, 328; Chicago, Texas & Mexican Central Railway Co. v. Titterington, 84 Tex. 218.]

As the provision with respect to building a wall and flue does not operate as a limitation upon the easement granted, nor impose a condition upon its continued enjoyment, it is simply a covenant. It was evidently entered into for the benefit of respondent, the grantor of the easement. The building of the contemplated wall and flue would add nothing to the completeness of the right to pass over respondent's premises, nor would it in any wise enhance the convenient use of the easement. But so far as respondent is concerned the wall may reasonably be regarded as necessary for his protection in the quiet and undisturbed enjoyment of his property. We conclude therefore that the provision is essentially a covenant on the part of the grantee of the easement to pay one-half the cost of constructing a wall and flue whenever the grantor deems it necessary to build them, and that such covenant runs with the land. [Sexauer v. Wilson, 136 Iowa, 357; Conover v. Smith, 17 N. J. Eq. 51.] The remedy for a breach of the covenant is an action for damages.

■ ■ The right of passage over the east end of his premises granted by respondent to William J. Wright was subsequently conveyed, in connection with the lot to which it was appurtenant, to the appellant. Respondent contends that the right is not useful or of any value to appellant because after passing over his property she will have no means of going beyond it; that a pass way leading north across the east end of his premises is, so far as appellant is concerned, a mere cul-de-sac. But it does not lie in the mouth of respondent to say that appellant does not have the right to use the three foot way leading from the north line of his property to Bourke Street, as a further means of ingress and egress to and from her property. It may be that the exclusive right to use such way would have passed as appurtenant to the lot conveyed to him by William J. Wright without specific mention of it in the deed, but the parties were not content to let the passing of the easement rest on the deed

to the lot. Contemporaneously with the delivery of the deed to the lot, Wright delivered to respondent another deed purporting to convey the three foot way, but reserving unto himself an equal right as to its use as a means of ingress and egress. The owner of the Lacy lot may question the right of Wright's grantee to use the way, but not respondent. That it was the intention of the parties to the two deeds last mentioned that Wright should have and retain a right of passage over the east end of the lot he was conveying to Robins and also over the three foot way leading to Bourke Street, as a means of ingress and egress to and from the property he still owned, is manifest.

Appellant asks how she will be able "to pass freely over and upon the east twelve feet of plaintiff's . . . property *as a means of ingress and egress to and from her property on the south thereof*" without in any wise disturbing the continuity of the story-high solid brick wall which separates her property from respondent's. The answer, if there be one, must be found in the realm of metaphysics. It seems hardly necessary for the trial court to have enjoined respondent from interfering with appellant's right to pass freely over the east twelve feet of respondent's premises after it had debarred her from disturbing the one barrier that effectually prevented her from entering upon those premises. A party wall is not hedged about with such inviolability that a part of it cannot be removed where all parties in interest agree to the removal. The party wall in question is located on respondent's lot. The east twelve feet of it stands athwart the strip of twelve feet over which respondent granted William J. Wright the right to pass freely, and did at the time of the grant. The continued maintenance of the wall thereafter across the twelve foot strip would have been wholly inconsistent with the right granted. That the parties to the deed intended that the obstructing portion of it should be removed follows as a necessary implication.

It is plain that appellant is entitled to a mandatory injunction to compel respondent to remove all obstructions on the east twelve feet of his premises, including the brick wall, which impede her free passage thereover; it is equally plain that she is obligated to pay one-half the cost of building a wall and flue as specified in the deed making provision therefor, if respondent finds it necessary for the protection of his right to build them. As by her cross-bill she is invoking an equitable remedy, she should be required to do equity by paying or tendering to respondent one-half the cost of the wall and flue, if he elects to build them. He should not be required to resort to an action for damages.

The judgment of the circuit court is reversed and the cause remanded to be further proceeded with in conformity with the views herein expressed. All concur.