### KAPELA AND OTHERS *vs.* HOOHOKU.

#### ON QUESTION RESERVED.

AN INSTRUMENT conveying land in the form of a deed from husband to wife, having been declared by the maker to be a will and that it should take effect after his death, being attested by three witnesses;

HELD, to be properly construed as a will, and defendant allowed to propound it as such before the Probate Court having jurisdiction.

Opinion of the Court by AUSTIN, J.

Upon the trial at this action before Mr. Justice Austin and a jury on the 13th day of July, 1882, a question of law was reserved for the consideration of the full Court under Section 834 of the Civil Code as follows:

The plaintiffs claim an undivided half of certain rents amounting to $1,165, received by defendant in July, 1881, for lands rented to the Hawaiian Agricultural Company, at Kau. It is admitted that the plaintiffs may recover the amount they claim unless a certain paper executed by Nahala is a will and properly executed and legally proved as such before Judge Lyman, Circuit Judge; or a deed, which entitles the defendant to the whole property so rented. The proceedings before Judge Lyman in probate of the will, and also as to the administration of the estate of Nahala deceased are presented to the Court.

The defendant is the widow of Nahala. The paper to be construed is in the form of a deed, for the nominal consideration of one dollar, and on account of natural love and affection, bearing date June 23, 1879, and duly acknowledged July 1,

1879, from Nahala to the defendant, his wife, of the land rented.

The paper was witnessed by three subscribing witnesses, and was proved by Kamai, one of the witnesses, to have been properly executed under Section 1,465 of the Civil Code relative to the executions of wills.

It was executed by a husband to his wife, and so under our statute would be void as a deed at law. The legal maxim is that an instrument shall be so construed *ut res magis valeat quam pereat.*

The testimony shows clearly that the paper was intended as a will, and not as a deed. Nahala was old and feeble, and died within three months after the execution of the paper. He declared it to be a will, and that it should take effect after his death. By many authorities under the English Ecclesiastical law, and under the laws of many of the States, it was a valid will. See Redfield on Wills, Vol. 1, pp. 169–70, and p. 21. Upon the facts as they now appear, in the record presented to us, we shall hold that it was a valid will.

It was limited in its operation to a part only of the testator's estate. In such a case general administration of the remainder will be granted as of an intestate estate. See Redfield on Wills, Vol. 3, pp. 44–45. Such administration had already been granted.

The decrees in probate of the will, and as to the administration of the residue of the estate, do not conflict, and can stand together.

On examination of the record returned by the Circuit Judge it appears that all the plaintiffs were present at the probate of the will, and the plaintiffs Kapela and Rebecca contested the probate.

Kapela alone appealed, but afterwards withdrew his appeal. The ordinary notice by publication in case of application for probate of a will was, however, not given, and its proof is, therefore, informal.

Judgment will be entered in favor of the defendant whenever it shall be made to appear to this Court that the defendant or some one on her behalf has made formal application for proof of the will of Nahala, deceased, before Circuit Judge Lyman, and that the said will has been duly and regularly admitted to probate after the publication of this notice of hearing as required by the statute and rules of Court, provided that if this be not done before the January Term, 1883, or good cause shown why it is not done, judgment will be entered for the plaintiffs.

E. Preston for plaintiffs.

J. Nawahi for defendant.

Honolulu, August 16, 1882.