LEAVER v. GAUSS.

1. **Conveyance:** TESTAMENTARY IN CHARACTER: REVOCATION OF. Where a conveyance contained words purporting to convey real estate in the usual form, but also contained the following language: "To commence after the death of both of said grantors;" and "It is hereby understood and agreed between the grantors and the grantee that the grantee shall have no interest in the said premises as long as the grantors or either of them shall live;" *held* that no present estate to commence at a future day was created, as contemplated by section 1933 of the Code, and that the conveyance was testamentary in character, and could be revoked by the grantors at their option, notwithstanding a valuable consideration may have been paid therefor.

*Appeal from Plymouth Circuit Court.*

SATURDAY, DECEMBER 8.

ACTION to remove a cloud from the plaintiff's title, and to

quiet the same. The plaintiff avers that he is the owner of the real estate in question, but that the defendant makes some claim to it. He admits that he and his wife, Heinricke Leaver, executed to the defendant an instrument somewhat in the form of a deed, but he avers, in substance, that it was to take effect only after the death of himself and wife, and that it was, therefore, testamentary in its character, and he now desires to revoke and cancel the same. He sets out a copy of it as an exhibit annexed to his petition.

The defendant, for answer, denies that the instrument is testamentary in its character, and avers that it was executed for a valuable consideration paid by him to the plaintiff, and was intended to convey to the defendant an estate in the premises, which should be absolute upon the death of the plaintiff and his wife. He admits that the copy of the instrument set out by the plaintiff is correct; from which it appears that, after containing words purporting to convey the premises in the usual form of a deed, it contains also the following: "to commence after the death of both the said grantors"; and also the following: "It is hereby understood and agreed between the grantors and the grantee that the grantee shall have no interest in the said premises as long as the said grantors or either of them shall live, and that, after the death of both the said grantors, the grantee shall have and hold the premises by fee simple title."

To the answer the plaintiff demurred, and the demurrer was sustained, and the defendant electing to stand upon his answer, judgment was rendered for the plaintiff. The defendant appeals.

*Struble, Rishel & Sartori,* for appellant.

*C. Gottschalk* and *Argo & Kelly,* for appellee.

ADAMS, J.—The instrument purports to have been executed in consideration of love and affection. The answer avers that it was executed in consideration of the payment by the

defendant of certain indebtedness due from the plaintiff. If such fact could properly be pleaded as against the instrument, it must be deemed admitted by the demurrer. The defendant relies largely upon this fact to support his position that the instrument was not testamentary in its character, but immediately operative and binding upon the property. He insists that the instrument, when taken altogether, and especially if construed in the light of the fact which he pleads in respect to a valuable consideration paid, must be deemed to have had the effect to convey the property, subject to a life estate in the plaintiff and his wife.

We have to say, however, that we do not see how we can give the instrument the effect claimed, without contravening one of its express provisions. It declares that it is agreed "that the grantee shall have no interest in said premises as long as the grantors or either of them shall live." The defendant asks us to hold that he has now an interest in the premises.

We do not forget that the statute provides that "estates may be created to commence at a future day." Code, § 1933. But we have to say that any language employed by the grantor, which would be sufficient to create an estate to commence at a future day, would, in the nature of the case, give a present interest in the property. The estate would stand created, and the enjoyment postponed. A declaration that the grantee takes no interest during the life of the grantor is equivalent, we think, to a declaration that no estate is created. The instrument, it is true, evinces an intention favorable to the grantee, but that intention is in substance only testamentary, and is, of course, subject to revocation, if indeed a revocation is needed to prevent it from becoming operative.

The object of the defendant's averment that a valuable consideration passed, was to give the instrument a present operation as binding the property. It was of no consequence in any other respect. If the court below had held that it was proper to plead and prove such fact, it would have held virtually

that an express provision of the instrument could be over-turned.

We can conceive that a valuable consideration might pass as an inducement to the person receiving it to make a devise. If a devise in form should be made under such inducement, the instrument by which it should be made would still be testamentary, and, being such, would be revocable.

We think that the court below did not err.

AFFIRMED.