## W. S. Conrad vs. Wallace B. Douglas.

Argued Nov. 15, 1894. Reversed Dec. 28, 1894.

No. 8920.

**On the facts the grantor was cestui que trust.**

Upon the undisputed evidence in this case, certain real property conveyed to defendant by deed absolute in form, but without consideration, was held, at the time of the grantor's death, in trust for him, and not in trust for the intervener.

**A writing held testamentary and insufficiently attested.**

By the language used in a writing, through which the intervener claimed that a trust as to said property had been created in her favor, it conclusively appeared that she was to have no interest or estate therein until after the decease of said grantor.

**A writing, to have effect only after death of its author, is testamentary.**

Whatever the form of the instrument, if the obvious intention be that it shall serve no purpose and have no effect until after the death of the author, it is, at most, testamentary.

Appeal by plaintiff, W. S. Conrad as administrator, with the will annexed, of the estate of George H. Clapp, deceased, from an order of the District Court of Clay County, *L. L. Baxter, J.,* made March 16, 1894, granting a new trial.

George H. Clapp of Devils Lake, N. Dak., owned the east one hundred and twenty five feet of lots four, five and six in block forty six in the original townsite of Moorhead with livery barn thereon. He conveyed this property March 15, 1888, to defendant Wallace B. Douglas by ordinary warranty deed. No trust or condition was expressed therein. It was made without consideration and the parties intended that Douglas should hold the title in trust for Clapp. Douglas was to lease the property, collect the rents and out of the proceeds pay the taxes and a mortgage on it. There never was any writing executed evidencing this trust but Douglas accounted annually to Clapp for the rents and profits and has never denied the trust or claimed to be the beneficial owner. On September 26, 1889, Clapp wrote a letter signed by

him addressed to Douglas directing him in case of his (Clapp's) death to deed the property to Mary E. Bell, wife of J. J. Bell of Moorhead. This letter he enclosed in one of the same date to her and sent both to her by mail. He was owing her $1,800 money borrowed by him of her in 1883.

Clapp died testate at Devils Lake, N. Dak., January 11, 1890. His will was admitted to probate there and letters testamentary issued to John B. Remley. He administered the estate situated in that state, but refused to take steps to recover this property in Minnesota. The property in that state was insufficient to pay the debts, and the creditors applied to the Probate Court of Clay county to appoint the plaintiff, W. S. Conrad of Moorhead administrator in this state with the will annexed and he was in due time so appointed. He brought this action against Douglas to obtain the property. Douglas answered admitting the trust and stated the claim of Mrs. Bell and prayed that she be made a party and that it be adjudged to whom he should convey. Mrs. Bell intervened in the action and prayed that Douglas be adjudged to convey the property to her. The issues were referred to Ira B. Mills to take the evidence and report. He heard the evidence and reported for plaintiff that the trust claimed by Mrs. Bell was invalid. She moved the court to set aside the report and grant a new trial. The motion was granted and plaintiff appeals.

*M. F. Propping*, and *Ball & Watson*, for appellant.

A trust in lands cannot be created by parol, and there is no written declaration of trust in favor of the intervenor. No trust in or over lands can be created or declared, unless by act or operation of law or by deed or conveyance in writing. *Randall* v. *Constans*, 33 Minn. 329; *Tatge* v. *Tatge*, 34 Minn. 272; *McVay* v. *McVay*, 43 N. J. Eq. 47.

If Clapp had directed Douglas to convey the land in his life time and the direction had been obeyed before Clapp's death, such conveyance would have been valid as against the intervenor. The conveyance to Douglas was revocable as against everybody excepting Douglas himself, and it became revocable as to him also as soon as he acknowledged in his answer in this action that he had no beneficial interest in the land. As the property was at

the absolute disposal of Clapp up to the time of his death Mrs. Bell could have no vested interest in it prior to that time. The direction was that it should be deeded to her in case of his death from any cause. If the instrument vests no present interest, but only directs what is to be done after the death of the maker, it is merely testamentary in its character. *Frederick's Appeal*, 52 Pa. St. 338; *Rife's Appeal*, 110 Pa. St. 232; *Wellborn* v. *Weaver*, 17 Ga. 267; *Carlton* v. *Cameron*, 54 Tex. 72; *Doe d. Cross* v. *Cross*, 8 Q. B. 714; *Burlington University* v. *Barret*, 22 Ia. 60; *Dickerson's Appeal*, 115 Pa. St. 198; *In re Diez' Will*, 50 N. Y. 93.

Such an attempted disposition of property, even in the case of personalty, is held to be merely testamentary in character. 1 Jarman, Wills, p. 46, note 18; *Smith* v. *Speer*, 34 N. J. Eq. 336; *Grattan* v. *Appleton*, 3 Story, 755; *Warriner* v. *Rogers*, L. R. 16 Eq. 340; *Mitchell* v. *Smith*, 4 DeG. J. & S. 422; *Basket* v. *Hassell*, 107 U. S. 602.

So in case of checks given by decedent. *Bank* v. *Millard*, 10 Wall. 152; *Second Nat. Bank* v. *Williams*, 13 Mich. 282; *Cowperthwaite* v. *Sheffield*, 3 N. Y. 243; *Winter* v. *Drury*, 5 N. Y. 525; *Chapman* v. *White*, 6 N. Y. 412.

It is evident therefore that the direction contained in the letter written by Clapp directed to Douglas and dated September 26, 1889, was testamentary in its character, and like all testamentary dispositions of property, it was ambulatory simply, and revocable at the will of the writer. This quality of revocableness itself determines the fact that there could be no trust for the benefit of the intervenor as shown above. And, inasmuch as this written direction of the testate was revocable, it was in fact revoked by his death. *Frederick's Appeal*, 52 Pa. St. 338; *Gilmore* v. *Whitesides*, Dudley (S. C.) Eq. 14; *Helfenstein's Estate*, 77 Pa. St. 328; *Wellborn* v. *Weaver*, 17 Ga. 267.

It is of course unnecessary to cite authorities to the effect that testamentary dispositions of property to be effective as wills must be executed in accordance with the provisions of the statute of wills and proved in the proper tribunal.

In this case, the plaintiff, administrator of decedent's estate, represents the general creditors whose claims are as meritorious as that of

the intervenor, if not more so. In such case equity will not inter-
fere. Perry, Trusts, 108; 2 Pomeroy, Eq. J. § 590; *Ellison* v. *Elli-
son*, 1 Lead. Cas. Eq. (4th Ed.) 426.

*Peterson & Torgerson*, for respondent.

In all good conscience the intervenor is entitled to this property.
There can be no question whatever that Clapp intended that she
should have it when he made the deed, and also when he wrote the
letter of September 26, 1889. It is not pretended that the present
creditors of the estate of George H. Clapp had any claims whatever
against him at the time this deed was made. On the other hand the
evidence disclosed that Clapp was largely indebted to the intervenor
at that time.

The only question in the case is, have the parties used such means
as will in law enable the intentions of Clapp to be carried into effect.
The existence of the trust being admitted, the requirements of the
statute of frauds are satisfied and the bars are let down to the intro-
duction of parol evidence as to the terms of the trust. Perry, Trusts
(4th Ed.) § 82.

Plaintiff's claim that Clapp retained an interest in the property is
not warranted by the testimony. It is true that statements were
rendered him showing the application of the rent received, but Doug-
las testified: "He told me that he did not want any money. He re-
peatedly told me that I should not remit anything to him, but apply
it upon the mortgage, and I never paid him a dollar." But even if he
had maintained an interest in the property, it would not be fatal to
the trust. *Von Hesse* v. *Mac Kage*, 62 Hun, 458.

We not only have the testimony of the trustee here, but we have
his verified answer in which he admits he holds the property in trust
for the intervenor, and this has always been held conclusive.
*Sleeper* v. *Iselin*, 62 Ia. 583; *Boardman* v. *Willard*, 73 Ia. 20;
*Champlin* v. *Champlin*, 136 Ill. 309; *Greene* v. *Begole*, 70 Mich. 602;
*Shields* v. *McAuley*, 37 Fed. Rep. 302; *Creswell* v. *McKaig*, 11 Neb.
222; *Tierney* v. *Wood*, 19 Beav. 330; *Egerton* v. *Carr*, 94 N. C. 648;
*Stone* v. *Hackett*, 12 Gray, 227; *Synnott* v. *Simpson*, 5 H. L. 121.

COLLINS, J. The controlling facts in this case are that on March
15, 1888, one Clapp, who resided in Devil's Lake, N. Dak., was the

owner of the property herein involved, situated in Moorhead, Minn. The defendant, Douglas, and the intervener, Mrs. Bell, resided in the place last named. On that day Clapp executed a deed of conveyance of this property to Douglas, and mailed the same to him at Moorhead. This deed was absolute in form but was without consideration. Clapp's purpose, as understood by Douglas, gathered from conversations between them, as we suppose, was that the latter should collect the rents and profits, and apply them in payment of existing incumbrances and taxes. When this was accomplished, Douglas was to reconvey to Clapp, or to deed to any other person the latter might designate. Clapp died testate at Devil's Lake, January 11, 1890, and his estate in Dakota was duly administered upon and distributed by the executor named in the will. Said executor having declined to proceed in Minnesota, plaintiff was appointed administrator with the will annexed, and thereafter brought this action to have the property declared a part of Clapp's estate, and thus rendered subject to the payment of claims against said estate, a large number having been proven and allowed in Probate Court. Thereupon Mrs. Bell was allowed to file a complaint in intervention, her claim being that Douglas held the property in trust for her use and benefit. Douglas, by his answer, admitted that he held it in trust, and averred a willingness to execute the trust, and convey the same as the court might direct. A referee, to whom the case was referred for trial and for an order for judgment, found facts on which he ordered judgment for plaintiff, as demanded in the complaint. A motion for a new trial having been made, the same was granted by the court, and this appeal by plaintiff is from the order granting such new trial.

Both the plaintiff, Conrad, and the intervener, Mrs. Bell, contend that the property was held in trust by defendant, Douglas, and this is admitted by the latter. So, the single question is, who is the beneficiary of the trust? And it is quite evident to us, from the testimony adduced, that very little doubt should exist as to this. Defendant, Douglas, held the property in trust for Clapp, and not for the intervener. Two letters from defendant to Clapp were received in evidence, in both of which was an acknowledgment of the trust, and for whose benefit the trust existed: One of the date March 30, 1888, wherein Douglas admitted receiving the deed executed fifteen days before, and, among other things, said: "I will hold the title in trust

for you, etc., subject to your order. I write this so, if anything happens to me, you will have something to show that the title is in my name only as a trustee." Another of date December 26, 1889, a few days before Clapp's death, in which, speaking of the latter's illness, Douglas wrote: "If you are not better, I wish you would make detailed arrangements as to what I shall do with the place. Had I not better deed it back to you, instead of holding it in trust longer?" We think these excerpts from the letters very clearly show the nature and extent of the estate held byDouglas, and what person was beneficially interested. That of March 30, 1888, established the trust beyond doubt.

The intervener, to support her claim, offered evidence, received by the referee subject to objection, tending to show that at the time of his decease, and for some ten years prior, Clapp owed her quite a sum of money, and that he had verbally stated to other persons that he had arranged matters so that the rent would pay off the incumbrances, and then the property would go to her. These verbal statements were made when speaking of the deed to Douglas. She also introduced in evidence a letter, of which the following is a copy:

"Devil's Lake, September 26, 1889.

W. B. Douglas, Moorhead, Minn.

Friend Douglas: In case of my death from any cause, I want you to deed my barn property at Moorhead, that C. B. Hill now has the lease of, to Mrs. E. M. Bell, the wife of J. J. Bell, of Moorhead. Trusting you will do this, I am, truly yours,

George H. Clapp."

This letter was sent by Clapp to the intervener about the time it was written, and delivered to Douglas a day or two after Clapp died. It is hardly necessary to say that evidence of verbal statements made by the latter to the witnesses was wholly insufficient to prove the existence of a trust in the intervener's favor. Nor did the letter in which Douglas was directed to convey the property to her in case of Clapp's death create a trust, or give to her a vested right or interest therein. From the language used, it conclusively appears that she was to have no interest or estate in the property during Clapp's lifetime, and only in the event of his decease was Douglas to convey it to her. A trust cannot be created in that way. Whatever the form of

the instrument, if the obvious intention be that it shall serve no purpose, and have no effect, until after the death of the author, it is, at most, testamentary. If properly executed, it may operate and be established as a will. It must operate as a will, or not at all. We think these views dispose of the case, and as the facts found by the referee, are conceded to be correct by all parties, they fully warranted his conclusions of law.

The order appealed from is reversed.

(Opinion published 61 N. W. 673.)