MARTHA J. PINKHAM, APPELLANT, V. JOHN H. PINKHAM ET AL., APPELLEES.

FILED SEPTEMBER 23, 1898.   No. 8219.

55  729|
s60  602|

1. **Deeds: TESTAMENTARY INSTRUMENT.** An instrument, although in form a deed, which by its terms was to operate only after the death of the maker or grantor, is testamentary in its character, and not a deed, and passes no present estate in the premises therein described.

2. **Dower.** A widow in this state is entitled to dower in all lands whereof her husband was seized of an estate of inheritance at any time during marriage, unless she has been lawfully barred thereof.

APPEAL from the district court of Otoe county. Heard below before CHAPMAN, J. *Reversed.*

The opinion contains a statement of the case.

*Ricketts & Wilson,* for appellant:

An instrument which takes effect only upon the death of the maker is testamentary in character. (*Haberghum v. Vincent,* 2 Ves. Jr. [Eng.] 204; *Turner v. Scott,* 51 Pa. 126; *In re Lantenschlager's Estate,* 45 N. W.

Rep. [Mich.] 147; *Hitchcock v. Simpkins,* 58 N. W. Rep. [Mich.] 47; *Singleton v. Bremar,* 17 Am. Dec. [S. Car.] 699; *Conrad v. Bell,* 61 N. W. Rep. [Minn.] 673; *Blackman v. Preston,* 15 N. E. Rep. [Ill.] 42; *Donald v. Nesbitt,* 15 S. E. Rep. [Ga.] 367; *White v. Hopkins,* 4 S. E. Rep. [Ga.] 863; *Sperber v. Balster,* 66 Ga. 317; *Hazelton v. Reed,* 26 Pac. Rep. [Kan.] 450; *Brown v. Bronson,* 35 Mich. 415; *Leaver v Gauss,* 17 N. W. Rep. [Ia.] 522; *Nichols v. Emery,* 41 Pac. Rep. [Cal.] 1089; *Hannig v. Hannig,* 24 S. W. Rep. [Tex.] 695; *Bowdoin College v. Merritt,* 75 Fed. Rep. 480.)

*John C. Watson* and *F. E. Brown, contra:*

A conveyance, otherwise perfect in form, is not converted into a will by inserting in it a clause declaring that it is to go into effect after the death of grantor, and that he claims to hold the land so long as he lives. (*Seals v. Pierce,* 83 Ga. 787; *Evans v. Smith,* 28 Ga. 98; *Cable v. Cable,* 146 Pa. St. 451; *Wall v. Wall,* 30 Miss. 91; *Phillips v. Thomas Lumber Co.,* 94 Ky. 445; *Bassett v. Budlong,* 77 Mich. 338; *Sharp v. Hall,* 86 Ala. 110; *Robertson v. Dunn,* 2 Murph. [N. Car.] 133; *Burlington University v. Barrett,* 92 Am. Dec. [Ia.] 383; *Williams v. Tolbert,* 66 Ga. 127; *Owen v. Williams,* 114 Ind. 179; *Graves v. Atwood,* 52 Conn. 512; *Bunch v. Nicks,* 50 Ark. 367; *Shackelton v. Sebree,* 86 Ill. 616; *Barber v. Milner,* 43 Mich. 248; *Warren v. Tobey,* 32 Mich. 45; *Jackson v. Cleveland,* 15 Mich. 94; *Wallace v. Harris,* 32 Mich. 380; *Gale v. Gould,* 40 Mich. 515; *Wilson v. Carrico,* 49 Am. St. Rep. [Ind.] 213.)

NORVAL, J.

This action was instituted in the court below by Martha J. Pinkham, widow of Calvin Pinkham, deceased, for the assignment of dower in the southwest quarter of section 8, township 7, range 11, Otoe county, claiming that her husband died siezed of said premises. The defendant John H. Pinkham asserts that he is the absolute owner of the real estate, and the trial resulted in a decree quieting the title to the land in him.

The facts are substantially as follows: On and prior to March 13, 1885, one Calvin Pinkham was the owner in fee of the real estate in controversy. On that day, while dangerously ill, he executed to his grandson, the defendant John H. Pinkham, an instrument, in form a warranty deed, covering said premises, which contained this provision: "This deed is to take effect and be in full force from and after my death. The further and additional consideration of this conveyance is that the said John H. Pinkham shall pay to Ella P. Reiddell, my great-granddaughter, fifty dollars ($50) per annum for ten years from the date this deed is in full force and effect; that is to say, fifty dollars each and every year for ten years from the taking effect of this deed." This instrument was acknowledged and duly filed for record. Subsequently, on November 4, 1886, plaintiff married said Calvin Pinkham and they lived together as husband and wife until May 30, 1893, when Calvin died leaving plaintiff, his widow, him surviving. John H. Pinkham did not acquire possession of the property during the lifetime of Calvin, but did so immediately upon the death of the latter, asserting title in himself by virtue of the instrument already mentioned, and has since refused to recognize any interest in the land in plaintiff. The defendant Lilly P. Reiddell is the great-granddaughter of Calvin Pinkham, deceased, and is the person designated in the clause of the instrument quoted as "Ella P. Reiddell." Said Calvin Pinkham, deceased, left him surviving two children, the defendant Anna Babcock and Calvin Pinkham, Jr., the latter being the father of the defendant Emma E. Ryan. The interest of Calvin Jr. in the premises has been conveyed to said daughter. John H. Pinkham is the son of Anna Babcock. The said Emma E. Ryan claims an undivided half of the lands in fee simple, while said Lilly P. Reiddell asserts that she is entitled to $500 under the clause in the instrument set out above, and that the amount should be made a lien upon the premises.

By virtue of section 1, chapter 23, Compiled Statutes,

the widow is entitled to dower in all lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she has been lawfully barred thereof. (*Butler v. Fitzgerald*, 43 Neb. 192.) If Calvin Pinkham, deceased, held title to the real estate in dispute at the time of his death, his widow has a dower interest in the property, and is entitled to have the same assigned. The proper solution of this question calls for an interpretation of the instrument under which John H. Pinkham asserts title, or rather, the clause of the instrument already quoted. If that instrument acted as a conveyance of the lands *in præsenti*, then it is patent that plaintiff cannot recover herein. We are satisfied that the instrument was not effective as a deed. It did not purport to be effective as a conveyance until the death of Calvin Pinkham, so that the absolute legal title to the premises was in him at the time of his death. A deed must pass a present interest in the property, even though the right of possession and enjoyment may not accrue until some future period. A will passes no title until after the testator's death, and this marks the essential difference between a deed and a will. The great weight of authority sustains the proposition that an instrument, in the form of a deed, which takes affect and becomes operative alone upon the death of the maker, is testamentary in character, and is not a deed. (Devlin, Deeds sec. 309; *Habergham v. Vincent*, 2 Ves. Jr. Ch. Rep. [Eng.] 204; *Bigley v. Souvey*, 45 Mich. 285; *Singleton v. Bremar*, 4 McCord [S. Car.] 201; *Conrad v. Bell*, 61 N. W. Rep. [Minn.] 673; *Blackman v. Preston*, 15 N. E. Rep. [Ill.] 42; *Donald v. Nesbitt*, 15 S. E. Rep. [Ga.] 367; *White v. Hopkins*, 4 S. E. Rep. [Ga.] 863; *Sperber v. Balster*, 66 Ga. 317; *Hazelton v. Reed*, 26 Pac. Rep. [Kan.] 450; *Nichols v. Emery*, 41 Pac. Rep. [Cal.] 1089; *Hannig v. Hannig*, 24 S. W. Rep. [Tex.] 695; *Leaver v. Gauss*, 62 Ia. 314; *Turner v. Scott*, 51 Pa. St. 126.)

In the last case a father executed a warranty deed to his son, reserving the lands described to the grantor for

his life, and containing a provision that "this conveyance in no way to take effect until after the decease of the grantor." The court held this clause rendered the instrument testamentary in character. Woodward, C. J., in delivering the opinion of the court, observed: "As these words were expressly limited to take effect only after the death of the grantor, they were necessarily revocable words. The doctrine of the cases is, that whatever the form of the instrument, if it vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument. It signifies nothing that the parties meant to make a deed instead of a will. If they had used language which the law holds to be testamentary, their intention is to be gathered from the legal import of the words they have employed, for all parties must be judged by the legal meaning of their words."

In *Singleton v. Bremar*, 4 McCord [S. Car.] 201, it was held that a deed to take effect at the death of the grantor is void. The same principle was recognized and applied in *Blackman v. Preston*, 15 N. E. Rep. [Ill.] 42.

In *Donald v. Nesbitt*, 15 S. E. Rep. [Ga.] 367, it was held that a deed containing a clause that "in no event is this deed to go into effect until after my death" was testamentary in its character, and not a deed of conveyance operating *in præsenti*.

In *White v. Hopkins*, 4 S. E. Rep. [Ga.] 863, the court said: "The true test to determine whether the instrument is a deed or a will is whether it is to take effect immediately or to take effect only after the death of the maker. If it is to take effect only after the death of the maker, it is a will; if it is to take effect immediately, or if it conveys a present estate, it is a deed."

In *Sperber v. Balster*, 66 Ga. 317, an instrument in the general form of a deed was construed, which contained this provision: "Said deed of gift to be of full effect at my death, together with all the live stock   *   *   *   that may be found on said premises, together with all said premises." Jackson, C. J., speaking for the court, ob-

served: "These words show the intention of the maker to convey what would be on the premises at his death, and to have his gift of the land to go into effect at the same time. * * * The true meaning of the maker here, whether to part with the title at once or on his death, must be gathered from the entire paper. The title to other items of property in the very same sentence, passing to the same person, may well be invoked to show how and when the title to the land was intended to pass. * * * The very fact the deed of gift is to have full effect, in express words, at the death, is potent to show the meaning of the donor. No life interest, no possession for life is anywhere reserved. Such a thing is not hinted at."

In *Hazelton v. Reed*, 46 Kan. 73, the supreme court of Kansas states the doctrine in this way: "It may be laid down as a general rule that a written instrument which discloses the intention of the maker respecting the posthumous disposition of his property, and which is not to operate until after his death, is testamentary in its character, and not a deed or contract, and may be revoked."

Although the instrument before us was in form a deed, it was nevertheless testamentary in character, and inoperative as a conveyance of the land. The instrument in express terms was made to take effect on the death of the maker, and no present estate in the property passed to John H. Pinkham. Calvin Pinkham, Sr., was the owner of the land at the time of his death, and his widow was entitled to dower therein, and, subject thereto, the estate passed to the heirs of the deceased.

We have examined the cases cited by defendants and appellees and find that most of them do not conflict with the conclusion we have reached, although one or two of those decisions are not in harmony with our views, but they are opposed to the decided weight of the authorities on the subject. The decree is reversed, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.