Argued 12 February, decided 12 March, rehear'ng denied 21 May, 1907.

## SAPPINGFIELD *v.* KING.

1 L. R. A. (N. S.) 1066 ; 89 Pac. 142, 90 Pac. 150.

DEEDS—DELIVERY—INTENTION.*

1. The delivery of a deed is a question of intention, and may be effected by any act or word manifesting an unequivocal intention to surrender the

---

*NOTE.—On the subject of What Constitutes a Delivery of a Deed, see monographic note in 53 Am. St. Rep. 537-556 ; note in 12 L. R. A. 171-177, on Delivery Essential to Transfer Title ; extended note in 54 L. R. A. 865-910, Delivery of Deed to Third Person or for Record.

instrument so completely as to deprive the grantor of all authority over
it or of the right of recalling it.

DEED—EFFECT OF TESTAMENTARY RECITALS.†

2. An instrument in the form of a deed reciting that it is made upon
the condition that it shall take effect from and after the death of the
maker is not a deed, since it does not presently transfer absolutely the
property described, and title is not thereby conveyed, if the maker recalls
it, even after it has been delivered and recorded.

WILLS—DEED DISTINGUISHED FROM WILL.

3. Plaintiff and her husband being aged, and she in bad health, and
both desiring to make testamentary disposition of their property, she con-
veyed land to him, the deed to take effect on her death. At the same
time the husband made a will, and both instruments were placed in an
envelope and deposited by a third person in a bank, where they remained
until the husband's death, when the will was removed. *Held,* that plaintiff
had no intention to part with the control of the deed presently, and that
it was testamentary and hence revocable.

ENFORCEMENT OF MUTUAL WILLS**—EVIDENCE REQUIRED.

4. Whatever may be held by various courts as to the validity of testa-
mentary deeds and wills reciprocally executed for a valuable considera-
tion, they are all agreed, and this court now holds, that the evidence must
be full and convincing as to the terms of the agreement, and that the
instruments in question were made with the mutual intention of complying
therewith. The evidence in this case does not show even that there was
an agreement.

SAME—CASE UNDER CONSIDERATION.

5. Where a husband and wife, advanced in years, and each owning
separate property, agreed that they would have their wills made, and he
made a will giving her a life estate in his property, and she conveyed
her property to him, the deed to take effect on her death, but it does not
appear that any agreement was made between them as to the terms of the
will, or that one was to be the consideration for the other, a contention
that the deed and the will were mutual and reciprocal and for that reason
irrevocable, is without merit.

From Marion: WILLIAM GALLOWAY. Judge.

†For a case construing an instrument claimed to be a testamentary
writing, see *Beebe* v. *McKenzie,* 19 Or. 296 (7 Am. Prob. Rep. 538).

As to whether a doubtful instrument is a deed, or a will, see *Hunt* v.
*Hunt,* 68 L. R. A. 180 (with briefs); *McGarrigle* v. *Roman Catholic Asy-
lum,* 1 L. R. A. (N. S.) 315, with briefs and note.

Read, also, *Wilson* v. *Carriso,* 49 Am. St. Rep. with note at pp. 219-
222, Conveyance to Take Effect After Grantor's Death; *Brown* v. *Wester-
field,* 53 Am. St. Rep. with note at pp. 553-556, Delivery of Deed on
Contingency of Death; *Ferris* v. *Neville,* 89 Am. St. Rep. with monographic
note, What Constitutes a Testamentary Writing, particularly pp. 494, et
seq.; *Culy* v. *Upham,* 106 Am. St. Rep. 388, and note; *Grilley* v. *Atkins,*
112 Am. St. Rep. 152, with note.

**On the subject of the Validity and Probate of Joint and Mutual
Wills, see *Gerbrick* v. *Freitag,* 2 A. & E. Ann. Cas. 24 with note.

REPORTER.

Statement by MR. JUSTICE EAKIN.

This is a suit by Mary Sappingfield against Amanda King and others to quiet the title to real estate under Section 516 of B. & C. Comp. On February 1, 1897, plaintiff was the owner of the land in question, and her husband, John Sappingfield, owned other property. Plaintiff at that time was 77 years old and her husband 87. Plaintiff was in poor health, and both she and her husband were desirous of making provision for the disposition of their property after their death, and, after consideration of the same for some weeks, on February 1, 1897, they went to Salem, and in the office of M. W. Hunt plaintiff duly executed a deed to John Sappingfield, her husband, for the land in question for the consideration of love and affection and the sum of $1, the operative words of which are: "Have bargained and sold and by these presents do bargain, sell and convey unto my husband." And following the description of the property is this provision:

"This deed is made with the full understanding and upon the condition that the same shall take effect from and after the death of the said grantor herein and it is understood and intended that this deed shall be recorded immediately after my death."

At the same time, and as part of the same transaction, the husband, John Sappingfield, made a will, disposing of all his property, the second clause of which is as follows:

"I hereby give and bequeath all the property of which I may die seized, to my wife, Mary Sappingfield, the same to be used by her during her natural life, and at her death, I hereby direct," etc.

While in Mr. Hunt's office, plaintiff and her husband talked together more or less about the matter in hand, and before plaintiff signed the deed it was read over to her and was then executed by her, and the will was executed by her husband. Both the deed and the will were left with Mr. Hunt, and they were by him inclosed in an envelope and placed in the bank, where they remained until the death of the husband in 1903, when

the will was removed, though the deed still remains there. The defendants in this suit are the heirs at law of John Sappingfield and legatees under the said will, and claim a residuary interest in such lands through said deed, and it is such claim by defendants that plaintiff seeks to have quieted.    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. L. H. McMahan.*

For respondent there was a brief over the name of *Claire Moreau Inman,* with oral arguments by *Mr. Inman* and *Mr. Frank Alonzo Turner.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This case turns upon the questions whether the deed, at the time of its execution, was delivered as a deed to John Sappingfield, and whether it conveyed any estate or interest presently to the grantee. Plaintiff and her husband evidently sought to arrange for the disposition of their property after their death. The whole transaction clearly discloses this, and there was no undue advantage taken of plaintiff in what was done. She evidently understood the nature of the transaction. But it was evidently the intention of both plaintiff and her husband that neither of the instruments should be operative until after the death of the maker. It is evident that at that time both thought that plaintiff was liable to die first, and she wanted her husband to have the benefit of her property as long as he lived, and the will of the husband protected the plaintiff to the same extent. The indorsement on the envelope in which the papers were left at the bank was not directed by them or either of them, and plaintiff is not bound by it. Plaintiff and her husband had the same purpose in this transaction, viz., that their property at their death should go to their children equally, taking into consideration prior advances to some of them. The heirs of the one were the heirs of the other, and this form of disposing of the property seems to have been adopted as preferable to two wills, and evidently from the whole transaction it was intended that both instruments should be subject to recall.

1. Delivery is a question of intention, and may be effected by any act or word manifesting an unequivocal intention to surrender the instrument so as to deprive the grantor of all authority over it or of the right of recalling it: *Payne* v. *Hallgarth,* 33 Or. 430, 437 (54 Pac. 162); *White* v. *White,* 34 Or. 141, 150 (50 Pac. 801, 55 Pac. 645); *Swank* v. *Swank,* 37 Or. 439 (61 Pac. 846). If the grantor does not evidence an intention to part presently and unconditionally with the deed, there is no delivery: *Walter* v. *Way.* 170 Ill. 96 (48 N. E. 421); *Pennington* v. *Pennington,* 75 Mich. 600 (42 N. W. 985). There was evidently no intention that either plaintiff or her husband should part presently with their property. Their purpose was one, viz., to protect each other in case of the death of one and the disposition of the property after the death of both, and that the title to plaintiff's property should not be affected while she lived, but that, when she died, it should pass by the deed to her husband, and that there was no intention on the part of the plaintiff or her husband that the possession of the deed should pass at once to the husband beyond the power of plaintiff to recall it.

2. The form of the deed, however, renders it testamentary, and therefore revocable at any time, even though delivered. This is the effect of the clause which provides:

"This deed is made with the full understanding and upon the condition that the same shall take effect from and after the death of the said grantor."

If the deed purported to convey or pass to the grantee a present interest in the property and the deed was delivered, then the deed was operative at once and beyond the recall of the grantor, notwithstanding the reservation of a life estate; but, where the instrument does not pass any present interest to the grantee, its effect is testamentary, and not that of a conveyance.

3. In *Turner* v. *Scott,* 51 Pa. 126, it was held that the words in an indenture, "And this conveyance in no way to take effect until after the decease of the said John Scott the grantor," limited the granting words to take effect only after the death

of the grantor, and they were necessarily revocable; and that "the doctrine of the cases is that, whatever the form of the instrument, if it vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument. It signifies nothing that the parties meant to make a deed instead of a will." In *Millican* v. *Millican,* 24 Tex. 426, 442, it is held that "voluntary dispositions of property by deed, which did not operate, and were not intended to operate, a present transfer of the property out of the donor, or to vest a present interest in the donee, but were made to take effect only after the death of the donor, were testamentary," and, if there is any doubt as to the intent of the grantor to pass the title presently, the circumstances surrounding the transaction may be looked to to determine that matter, but not to dispute the plain tenor of the instrument: *Evans* v. *Smith,* 28 Ga. 98 (73 Am. Dec. 751) ; *Gage* v. *Gage,* 12 N. H. 371; *McGee* v. *McCants* (S. C.), 1 McCord, 517. Here the parties contemplated an arrangement for the disposition of their property after the death of both, and the provision of the deed above quoted, together with the fact of the instrument being left in the hands of the scrivener without any direction as to its disposition, indicates no intention to deliver, and by its terms it is testamentary and is therefore revocable.

There are a few cases holding that such a deed is operative as such, and irrevocable even though it does not convey a present interest. *Wilson* v. *Carrico,* 140 Ind. 533 (40 N. E. 50: 49 Am. St. Rep. 213). construes such a deed as conveying an estate to commence *in futuro;* such an estate being expressly authorized by the Indiana statutes: Rev. St. Ind. 1881, § 2959. In *Shackleton* v. *Sebree,* 86 Ill. 616, 621, the conveyance is sustained as a deed on the theory of a covenant of the grantor to stand seized to the use of the grantee, and *Abbott* v. *Holway,* 72 Me. 307, is to the same effect. In Georgia the cases are very conflicting. *Sperber* v. *Balster,* 66 Ga. 317, holds such a deed conveys no present title and is testamentary, and in *West* v. *Wright,* 115 Ga. 277 (41 S. E. 602). the court holds to the contrary, although

there is a dissenting opinion on this one question. In *Lauck* v. *Logan,* 45 W. Va. 251 (31 S. E. 986), the opinion states the law to be that, "if the intention gathered from the whole paper is that no estate is to pass until the grantor's death, it is a will and not a deed." The deed in that case contained the words: "But it is hereby distinctly understood and stipulated that this deed shall take and be in full force and effect immediately after the said William Logan shall depart this life, and not sooner." As to the rule just quoted the court then says, "Though seeming to me to be unreasonable, it is intrenched behind many decisions through many years, and we cannot repeal it," and then proceeds to hold that the granting words must control, and the words of the deed above quoted reserve only a life estate in the grantor. In some of these cases the deeds were not executed with all the formality required for the execution of wills, and, if not valid as deeds, they were void for any purpose, and that was one of the controlling elements in upholding them as deeds. This is the case in Indiana, Illinois and Georgia.

But the greater weight of the authorities hold that, in determining whether such an instrument is a deed or a will, the main question is: Did the maker intend to convey any estate or interest whatever to vest before his death and upon the execution of the paper, or, upon the other hand, did he intend that all the interest or estate should take effect only at his death? If the former, it is a deed; if the latter, it is testamentary and revocable. The language limiting the taking effect of the deed similar to that in the case here and as quoted from *Turner* v. *Scott,* 51 Pa. 126, has been held in the following cases to convey no present interest, but rendered the instrument testamentary and therefore revocable: *Gillham Sisters* v. *Mustin,* 42 Ala. 365; *Leaver* v. *Gauss,* 62 Iowa, 314 (17 N. W. 522); *Hazelton* v. *Reed,* 46 Kan. 73 (26 Pac. 450: 26 Am. St. Rep. 86); *Bigley* v. *Souvey,* 45 Mich. 370 (8 N. W. 98); *Conrad* v. *Douglas,* 59 Minn. 498 (61 N. W. 673); *Cunningham* v. *Davis,* 62 Miss. 366; *Murphy* v. *Gabbert,* 166 Mo. 596 (66 S. W. 536: 89 Am. St. Rep. 733); *Pinkham* v. *Pinkham,* 55 Neb. 729 (76 N. W.

411); *Turner* v. *Scott*, 51 Pa. 126; *Babb* v. *Harrison*, 9 Rich. Eq. 111 (70 Am. Dec. 203); *Armstrong* v. *Armstrong*, 4 Baxt. 357; *Carlton* v. *Cameron*, 54 Tex. 72 (38 Am. Rep. 620). Also there is a note to *Hazelton* v. *Reed*, in 32 Central Law Journal, 512, by Jesse A. McDonald, and a leading article by W. W. Thornton, of Indiana, in 19 Central Law Journal, 47, commenting on the case of *Leaver* v. *Gauss*, to the same effect. And, if the deed is in fact testamentary, even though it be delivered, it is revocable. Such is the case of *Turner* v. *Scott*, 51 Pa. 126, where it was delivered and recorded: *Pennington* v. *Pennington*, 75 Mich. 600 (42 N. W. 985); *Bigley* v. *Souvey*, 45 Mich. 370 (8 N. W. 98); *Conrad* v. *Douglas*, 59 Minn. 498 (61 N. W. 673); *Hannig* v. *Hannig* (Tex. Civ. App.), 24 S. W. 695. And we hold that plaintiff had no intention to part with the control of the deed presently, and, further, that the deed was testamentary and therefore revocable.

The decree of the lower court will therefore be affirmed.

AFFIRMED.

---

Decided 21 May, 1907.

ON MOTION FOR REHEARING.

MR. JUSTICE EAKIN delivered the opinion of the court.

4. The motion raises for the first time the question that the deed of plaintiff and the will of the husband are mutual and reciprocal wills based on a compact, and for that reason irrevocable. The most that can be said for these two instruments is that they are mutual and reciprocal, but each stands as an independent will unaffected by the other. Some authorities hold that in a case where such wills are executed in pursuance of an agreement based on a valuable consideration, after the death of one the will of the other is irrevocable; but in such a case the agreement must be certain and definite, and the court must have full and satisfactory proof of it: *Edson* v. *Parsons*, 155 N. Y. 555, 567 (50 N. E. 265).

In *Gall* v. *Gall*, 19 N. Y. Supp. 332 (64 Hun, 600), relating

to an agreement for a specific devise, the court say: "It is certain, however, that in this class of cases the ordinary rules which govern in actions to compel the specific performance of contracts, and which furnish reasonable safeguards against fraud, should be rigidly applied. These rules require that the contract be certain and definite in all its parts, that it be mutual and founded upon an adequate consideration, and that it be established by the clearest and most convincing evidence." In *Edson* v. *Parsons*, 155 N. Y. 555, 567 (50 N. E. 265), a case of an agreement for reciprocal wills, it is said: "I think it needs no further argument to show that to attribute to a will the quality of irrevocability demands the most indisputable evidence of the agreement which is relied upon to change its ambulatory nature, and that presumptions will not, and should not, take the place of proof."

5. Here the evidence shows that plaintiff and her husband were getting quite old. Each owned separate property. The plaintiff had been quite sick, and it was arranged that they would have their wills made; and this deed and the will were the result. There is no testimony disclosing that any agreement was made between them as to the terms of the wills, or that one was to be the consideration for the other. There is nothing in the evidence to show that the wills were made in fulfillment of the terms of any contract or agreement, and the motion is denied.                     AFFIRMED.