## W. J. SMITH v. THEODORE WOLD and Others.

## SAME v. C. G. COREY and Others.

March 13, 1914.

Nos. 18,589, 18,590—(313).

**Husband and wife — fraud.**

    1. A husband may transfer his personal property as a gift under such circumstances as to constitute a fraud upon the marital rights of his wife.

**Finding sustained by evidence.**

    2. The finding of the court that certain gifts made by the husband in part directly, and in part through the medium of a trust deed, to children by former marriages, were not fraudulently made, is supported by the evidence.

**Construction of trust deed.**

    3. A trust deed, made by the deceased some years prior to his death, provided that the trustee should take possession of personal property, transferred to him as trustee, consisting of secured notes; should pay the accruing interest to the grantor; should reinvest the principal in real estate securities; and upon his death should pay the principal to his children. It is *held* that such trust deed was not testamentary in character.

Two actions by the administrator *de bonis non* with the will annexed of the estate of H. A. Corey, deceased, in the district court for Winona county. The actions were tried together before Snow, J., who made findings and as conclusion of law in the Wold case found that the action should be dismissed, and in the other case that the instrument given by the testator to defendant Wold was not testa-

[1] Reported in 145 N. W. 1067.

Note.—The right of a husband to give away his personal property without wife's consent is the subject of notes in 3 L.R.A.(N.S.) 774 and 21 L.R.A. (N.S.) 553. And on the question of the right of a wife to relief against conveyance or transfer made or contemplated by her husband in fraud of her support, see note in 18 L.R.A.(N.S.) 1147.

As to when a deed may be deemed testamentary in character, see note in 1 L.R.A.(N.S.) 315.

mentary in character and was not void; that it was neither actually nor constructively fraudulent as against Betsy Corey or any other person; that the transfer of property thereby effected was legal and valid, and that the action should be dismissed on the merits. From the judgments entered pursuant to the orders for judgment, plaintiff appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Webber & Lees,* for respondents.

DIBELL, C.

Two actions brought by the plaintiff as administrator of H. A. Corey, one against Theodore Wold and the heirs of Corey, and the other against the heirs alone. The only heir served or appearing is the defendant C. G. Corey. The actions were tried together. There were judgments for the defendants and the plaintiff appeals.

The actions need not be discussed separately. They involve this state of facts: Corey died April 23, 1911, aged 89 years. He had been married three times. His third wife survives him. She was 67 years of age at his death. He left surviving him four children by his first and second wives, and two grandchildren, issue of a deceased child. There was no issue of his third marriage. His third wife had three children by her former husband. Corey and she had been married 26 years at his death.

On April 22, 1905, Corey executed a trust deed transferring secured promissory notes, amounting to $22,600, to the defendant Wold, as trustee. The trust deed authorized Wold to take possession of the property transferred; to collect the principal and interest thereon; to pay the interest to Corey; to reinvest the principal in real estate securities; and upon the death of Corey to pay the principal to his four living children in certain specified amounts. In the event of the death of any of the children the amount due such child was to be paid to his issue, and in the event of such child dying without issue such amount was to be distributed equally among the survivors. The trust deed included an item of $4,000, one-third of the proceeds of the sale of the home farm, which it had been agreed at

the time of the conveyance should go to Corey's wife if she survived her husband.

In the month of December, 1910, Corey transferred to his children $4,000 in notes and in March, 1911, $4,700 in notes, all as gifts and without consideration. The later gifts, as well as the trust deed, were made secretly.

In 1906 Corey made a will by which he gave his wife $6,000 in cash, which included the $4,000 item, and certain household goods, etc. By a codicil he later gave her $1,000 more. Shortly before his death he gave her $300 in cash. She renounced the will.

The plaintiff seeks to recover the $8,700 given by Corey to his children shortly before his death as in fraud of the marital rights of his widow, and upon a like ground to recover the value of the securities included in the trust deed; and he attacks the trust deed upon the further ground that it is testamentary in character.

1. It may be noted that the gifts of $8,700 made shortly before Corey's death were not gifts *causa mortis* but were gifts *inter vivos*. They were absolute and irrevocable and were immediately executed. Neither were the gifts evidenced by the trust deed gifts *causa mortis*.

We recognize the doctrine affirmed in many cases that a transfer of personal property by a husband as a gift may be in fraud of the marital rights of his wife. The principle is illustrated by many cases cited in the brief of the plaintiff. And see 21 Cyc. 1155; 26 Cent. Dig. p. 1225, § 17; 10 Dec. Dig. p. 1026, § 6 (3).

We do not find it necessary to review or discuss the cases nor to define the application or the limits of the doctrine. We are met by a finding of the trial court that there was no fraud on the part of Corey and it is supported by the evidence. A court cannot say with minute exactness just how much the husband may give away without subjecting himself to a just charge of fraud. He may make gifts. He is not required to keep one-third of his property intact for his wife. Fraud is the basis of the relief which the widow gets.

It is entirely clear that Corey, as far back as 1905, when the trust deed was made, had in mind that his wife should not have so much as one-third of his property. There were reasons for this which appealed to him. He had four living children by his first and second

wives. He had none by his third. She had three by her first husband. He was unwilling that her children should have much of his property. He had the notion that it had been largely accumulated while his first and second wives were living, and by their help, and that their children should have the greater benefit of it. There is evidence, but no finding, that at the time of his third marriage his property was worth from $25,000 to $35,000. His third wife brought no property to him. There was no unpleasantness between them, or, if there was, the evidence conceals it. She cared for him tenderly during many years when he was in feeble health. They lived economically but apparently not more so than their mutual desires prompted. She makes no complaint of the want of ordinary comforts. She will get, as the trial court makes the figures, something like $8,000 or $10,000 in all, and most of it in immediately available cash. The total estate, as found by the court, if the gifts were included, would amount to something like $41,600. At her age each $1,000 if put in so poor an investment as a three per cent annuity will bring her in excess of $100 per annum. She will be in comfort. The trial court's finding that there was no fraud finds sufficient support in the evidence and it is not for us to interfere with it.

3. It is claimed that the deed of trust was testamentary. If so, it was void; for it was not executed in proper form and there was besides a subsequent revoking will. In Thomas v. Williams, 105 Minn. 88, 117 N. W. 155, Chief Justice Start states the test whereby to determine whether an instrument is a deed or is testamentary in character as follows: .

"No general and invariable rules for determining whether a given instrument is a deed or a will can be laid down, for in nearly every case the language of the instrument is different. The true test whether an instrument is a deed or a will is the intention of the maker, which is primarily to be determined from its language. If in doubtful cases the instrument cannot be given effect as a will, but may be as a deed, especially if such be its form, it will be construed as such. The fact that an instrument, in form a deed, postpones the enjoyment of the subject-matter of the grant until after the death of the grantor, and is contingent upon the grantee surviving him,

125 M.—13.

is not necessarily conclusive that the deed is testamentary in character. The test in such a case is whether the grantor intended the instrument to be ambulatory, serving no purpose and having no effect until after his death, and therefore revocable, or whether he intended to convey thereby some present right or interest, absolute or contingent, in the subject-matter of the grant, with the enjoyment thereof postponed until after his death. If, by the terms of the instrument, the right or interest passes at once, subject to a contingency over which the grantor has no control, it is a deed, and irrevocable, even though the enjoyment of the thing granted is postponed until his death."

The trust deed gave Wold present title as trustee and possession of the securities. He assumed control and collected interest and reinvested the principal. Corey could not revoke the deed. The cases of Conrad v. Douglas, 59 Minn. 498, 61 N. W. 673, and Logenfiel v. Richter, 60 Minn. 49, 61 N. W. 826, are cited. They are not opposed to the construction which we have given the trust deed.

Judgments affirmed.