IHIHI et al. v. KAHAULELIO.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920.)

No. 3335.

1. COURTS ⬡387(3)—MOTION TO DISMISS FOR INSUFFICIENT AMOUNT IN CONTROVERSY HELD PROPERLY DENIED.

Where the Chief Justice of the Hawaiian Supreme Court allowed an appeal, though expressing a doubt as to whether the value of the land in controversy was sufficient to give jurisdiction, and there is no decided preponderance of the evidence against jurisdiction, a motion to dismiss will be denied.

2. DEEDS ⬡93—INTENTION OF MAKER FROM WHOLE INSTRUMENT GOVERNS CONSTRUCTION.

In determining the construction of an instrument in the form of a deed, the fundamental rule is to ascertain from all the provisions thereof the intention of the maker.

3. WILLS ⬡88(2)—DEED STATING IT WAS NOT TO BE OPERATIVE UNTIL GRANTOR'S DEATH HELD A TESTAMENTARY INSTRUMENT.

An instrument conveying land to the grantor's nephew, in consideration of $1 and the grantor's love for him, and revoking all instruments, testamentary or otherwise, theretofore made, but providing that it should not be effective until the maker's death, and that the land should revert to her if the nephew died before her death, was not intended to pass a present estate, and was testamentary in character, and did not divest the owner of her title to the land, where she survived the nephew.

4. DEEDS ⬡130—ESTATE CREATED HELD SUBJECT TO REVERSION IN CASE OF GRANTEE'S DEATH IN GRANTOR'S LIFETIME.

If an instrument conveying land to the grantor's nephew, but providing that it should not be effective until the grantor's death, and that the land should revert to her if the grantee died before her death, was a deed, and not a testamentary instrument, the estate was subject to reversion to the grantor upon the contingency that she survived the grantee, and the common-law doctrine of repugnancy did not apply.

In Error to the Supreme Court of the Territory of Hawaii.

Action by David K. Kahaulelio against Beke Ihihi and another. A judgment for plaintiff was affirmed by the Supreme Court of Hawaii, and defendants bring error. Judgment of the Supreme Court reversed, and judgment of the circuit court affirmed.

E. A. Mott-Smith and Alexander Lindsay, Jr., both of Honolulu, T. H., S. Haskett Derby, of San Francisco, Cal., for plaintiffs in error.

J. Lightfoot, of Honolulu, T. H., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The defendant in error, as the heir at law of Isaac Ihihi, brought an action in the circuit court for the territory of Hawaii to recover possession of certain real estate, claiming title thereto under a deed executed in the Hawaiian language, translated as follows:

Know all men by these presents, I, Beke Ihihi of Lahaina, county of Maui, for one dollar ($1.00) by me received from Isaac Ihihi, my beloved nephew, of the city and county of Honolulu, territory of Hawaii, and also for my love for

him, hereby sell and convey to him and to his heirs and assigns forever, my house lot [then follows a description of the property]. And all instruments heretofore made by me, testamentary or otherwise, are by this instrument made of no effect: Provided, however, not until after my death shall this deed be of effect and if Isaac should die before then this land shall revert to me and this instrument be of no effect.

"In witness whereof, I have set my hand this 15th day of November, 1913.

"[Signed]   Beke Ihihi."

The instrument was delivered to Isaac Ihihi. He died on or about January 1, 1916. The circuit court held that the deed conveyed to Isaac only an estate in futuro in fee, contingent upon his surviving the grantor, and that his interest was simply an expectant interest, based on the contingency that he should survive the grantor. From that decision the cause was taken to the Supreme Court of the Territory of Hawaii on exceptions, and that court reversed the judgment and remanded the cause for further proceedings. The circuit court thereupon entered a judgment for the defendant in error herein. Upon writ of error to the Supreme Court of the territory the judgment was affirmed. To review that judgment is the purpose of the writ of error herein.

[1] A motion is made to dismiss the writ for want of jurisdiction on the ground that the amount in controversy does not exceed $5,000. Before the allowance of the writ in the Supreme Court affidavits were filed in that court concerning the value of the land in controversy. Upon consideration of those affidavits the Chief Justice said:

"I seriously doubt that the property involved is of value sufficient to confer jurisdiction upon the appellate court, but others might entertain a different view. I am disposed to facilitate rather than retard defendant plaintiff in error in her purpose to effect her appeal; hence that she may have a review of the judgment herein, if by any chance she may be deemed to be entitled thereto, I am directing the issuance of the writ, and, to the end that the question of jurisdiction may be properly presented to the Court of Appeals, I direct all records on file herein having reference to the question of jurisdiction be transmitted to that court."

A similar case was presented in Gage v. Pumpelly, 108 U. S. 164, 2 Sup. Ct. 390, 27 L. Ed. 668, on an appeal from a Circuit Court of the United States. Judge Blodgett, in allowing the appeal, used language almost identical with that of the Supreme Court of the territory in the present case. He said:

"Affidavits have been filed on behalf of each party touching the value of the lands in controversy. I have considered these proofs, and am much inclined to hold that the fair cash value of this property does not exceed $5,000. * * * But I dislike by any ruling of my own as to value to deny an appeal to any party who seeks to review my findings upon the main questions in a case. I shall therefore allow the appeal, with leave to the appellee to raise the question in the Supreme Court as to whether the amount in controversy is sufficient to enable the defendant to prosecute an appeal."

Chief Justice Waite, in delivering the opinion of the court, said:

"When an appeal has been allowed, after a contest as to the value of the matter in dispute, and there is evidence in the record which sustains our jurisdiction, the appeal will not be dismissed simply because, on examination of all the affidavits, we may be of the opinion that possibly the estimates acted upon below were too high. There is no such decided preponderance of the

evidence in this case against jurisdiction to make it our duty to dismiss the appeal which has been allowed."

What the Supreme Court said as to the preponderance of the evidence in that case is applicable to this. The motion to dismiss is denied.

[2, 3] In determining the construction to be placed upon the instrument involved in this case the fundamental rule, as in all such cases, is to ascertain from all the provisions thereof the intention of the maker. The instrument, as we read it, contains no repugnant provisions, and no clause that should be rejected. It is made in consideration of love and affection and the relationship between the parties. It conveys the land from the plaintiff in error to her "beloved nephew" and to his heirs and assigns, forever, but provides that not until after her death shall the deed be of effect, and that if her nephew should die before her the land should revert to her, "and this instrument be of no effect." It also declares:

"All instruments heretofore made by me, testamentary or otherwise, are by this instrument made of no effect."

When all the provisions are considered together, it is evident that the plaintiff in error intended that no present estate should pass to her nephew, and that the land should vest in him only in case he survived her. She attempted to accomplish by deed that which is ordinarily done by an executory devise. Now that the nephew has died, and the plaintiff in error survives, whose is the estate? It is the general rule that an instrument, whatever form it may take, which passes no present interest, but is to take effect on the death of the maker, is testamentary in character, and operates as a will, if executed with requisite formalities. If it is "partly or wholly in the form of a deed, it is not a deed, if it is not to become operative until the maker's death." 40 Cyc. 1085; 18 C. J. 149; Bowdoin College v. Merritt (C. C.) 75 Fed. 480; Leaver v. Gauss, 62 Iowa, 314, 17 N. W. 522; Babb v. Harrison, 9 Rich. Eq. (S. C.) 111, 70 Am. Dec. 203; Turner v. Scott, 51 Pa. 126; Conrad v. Douglas, 59 Minn. 498, 61 N. W. 673; Bigley v. Souvey, 45 Mich. 370, 8 N. W. 98; Hazleton v. Reed, 46 Kan. 73, 26 Pac. 450, 26 Am. St. Rep. 86; Carlton v. Cameron, 54 Tex. 72, 38 Am. Rep. 620; Sappingfield v. King, 49 Or. 102, 89 Pac. 142, 90 Pac. 150, 8 L. R. A. (N. S.) 1066; Murphy v. Gabbert, 166 Mo. 596, 66 S. W. 536, 89 Am. St. Rep. 733; Pinkham v. Pinkham, 55 Neb. 729, 76 N. W. 411. Said Judge Cooley in Bigley v. Souvey:

"The instrument given by defendant was a deed in form, but was testamentary in its nature, and passed no title whatever. If defendant survived the plaintiff, it was to be inoperative; if she survived him, it was to take effect at his death. It was therefore a disposition of property to take effect at his death, she surviving him, and was a devise and nothing else."

That in Hawaii an instrument in the form of a deed may be held to be a will was decided in Kapela v. Hoohoku, 4 Haw. 513.

There are cases in which instruments somewhat similar to that which is here in question have been sustained as deeds, as in Wilson v. Carrico, 140 Ind. 533, 40 N. E. 50, 49 Am. St. Rep. 213, where the instru-

ment, after conveying and warranting the real estate, provided that "the above obligation" shall "be of none effect until after the death" of the grantor. The instrument was held to be a deed, in view of a statute of Indiana which permitted the creation of a freehold estate to commence in futuro. ·In Shackelton v. Sebree, 86 Ill. 616, the instrument, after conveying real estate with covenants of warranty, provided that the deed should not take effect until after the grantor's decease. The court held that, as the grantee took the fee and as livery of seizin had been abolished by law, the fee drew to it possession in law. But the court intimated that if the remainder had been contingent, and it was uncertain who would take at the death of the grantor, a different case would be presented. Other cases holding .deeds to be valid conveyances, notwithstanding that they were not to take effect until the death of the grantor, are Hunt v. Hunt, 119 Ky. 39, 82 S. W. 998, 68 L. R. A. 180, 7 Ann. Cas. 788; Lauck v. Logan, 45 W. Va. 251, 31 S. E. 986; Wyman v. Brown, 50 Me. 139; Abney v. Moore, 106 Ala. 131, 18 South. 60; Bunch v. Nicks, 50 Ark. 367, 7 S. W. 563. But none of those deeds contained a contingency such as is found in the instrument here under consideration, nor a provision for reversion to the grantor in case he survived the grantee, and decision in several of the cases was influenced by the fact that the instrument lacked the formalities requisite to give it effect as a will, and it was necessary to hold it a deed in order to make effectual the intention of the parties.

[4] We are of the opinion that the instrument here involved is of a testamentary character and not a deed. It follows that the plaintiff in error is still the owner of the real estate described therein. But, if the instrument were held to be a deed, the conclusion would be the same. It would be a deed creating an estate in futuro. The estate so created was subject to reversion to the grantor upon the contingency that she survived the grantee. The purpose of the instrument is not open to doubt. Taking into consideration all its provisions, with endeavor to give every part of it meaning and effect, it is obvious that the intention was to vest the title in the grantee in case he survived the grantor. ' That·purpose being clear, there is no room for the application of the common-law doctrine of repugnancy. Coulter v. Shelmadine, 204 Pa. 120, 53 Atl. 638; Bassett v. Budlong, 77 Mich. 338, 43 N. W. 984, 18 Am. St. Rep. 404; Abbott v. Holway, 72 Me. 298. In Branca v. Makuakane, 13 Haw. 499, 505, it was said:

"The reason for giving effect to the clear expressed intention, and for not adopting technical rules, especially when they are practically obsolete and founded on conditions that never existed here, is greater in the case of Hawaiians and Hawaiian deeds than in the case of English-speaking people and English deeds."

The judgment of the Supreme Court of the territory should be reversed, and the cause remanded, and the original judgment of the circuit court affirmed, and the cause remanded to that court, with such directions. It is so ordered.